DORWEILER ET AL. *v.* SINKS ET AL.

[No. 18,921. Filed March 7, 1958. Rehearing dismissed April 18, 1958. Transfer denied June 10, 1958.]

*George F. Stevens, Stevens & Wampler,* of Plymouth, *Floyd O. Jellison* and *Jellison, Orr & Minczeski,* of South Bend, for appellants.

*Albert B. Chipman* and *Kizer & Neu,* both of Plymouth, for appellees.

## On Petition to Transfer

ACHOR, J.—This case is pending on petition to transfer. Appellee has filed a motion to dismiss the petition. The reason given for such dismissal is the fact that the

petition for rehearing was dismissed (not denied) by the Appellate Court for the reason that it was insufficient to present any issue, and therefore that the petition to transfer being grounded upon the issues presented for rehearing presents no issue for review by this court.

We have heretofore held that on transfer only those issues will be considered in support of the petition which were properly presented to the Appellate Court on petition for rehearing. Therefore, the question with which we are confronted is whether or not appellants' petition for rehearing was in proper form to present any issue. *Board of Tax Commissioners* v. *Stanley* (1952), 231 Ind. 338, 341, 108 N. E. 2d 624.

Rule 2-22 regarding petitions for rehearing provides as follows:

> "Application for a rehearing of any cause shall be made by petition, *separate from the briefs,* signed by counsel, and filed with the clerk within 20 days from rendition of the decision, stating concisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs within 10 days after the filing of the petition." (Our italics.)

There is sound reason back of the rule which requires a "separate" and "concise" statement of "the reasons why the decision is thought to be erroneous." In the first place such a statement is beneficial to the petitioner in clarifying the issues involved. Secondly, we know from experience that the reasons given for rehearing are frequently without merit, and when they are not separately stated but are combined

with argument or drafted in argumentative form, the court is needlessly taxed in its effort to select and consider the reasons, if any, which are of merit.

It is true that our appellate courts are committed to the policy of attempting to decide all cases upon their merits whenever possible, with increasing regard for the substance and diminishing regard for the form and to that end it is the policy to place a liberal construction upon the rules. Flanagan, Wiltrout & Hamilton's Indiana Trial & Appellate Practice, §2115, ch. 40, p. 40. *Miller, etc.* v. *Ortman, etc. et al.* (1956), 235 Ind. 641, 650, 651, 136 N. E. 2d 17. In the above case we held that the petition would be considered, although filed under the same cover, if drafted in a rhetorical form, separate from the briefs. However, we are confronted by the fact that the application for rehearing herein was not, under the most liberal construction, "made by petition, *separate from the briefs*," as required by the rule, *supra*. On the contrary, the sentence which stated the reason why the decision was thought to be erroneous was, in each instance, followed in the same paragraph by the argument in support thereof. Arguments so presented must be ignored as surplusage, and reasons for rehearing not supported by argument must be considered waived. *Miller, etc.* v. *Ortman, etc. et al., supra.*

For the above reasons the petition for rehearing presented no issue and was properly dismissed by the Appellate Court. Therefore, no issue was properly reserved for consideration on petition to transfer to this court.

The petition to transfer is therefore denied.

Bobbitt, C. J., Arterburn, Emmert and Landis, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 142.