COLE ASSOCIATES, INC.
Appellee-Plaintiff,

v.

Ronald H. HOLSMAN, d/b/a Holsman Architects, Appellant-Defendant.   [sic]

No. 3–279A56.

Court of Appeals of Indiana,
Third District.

July 19, 1979.

Roland Obenchain, South Bend, for appellant.

F. Richard Kramer, South Bend, for appellee.

STATON, Judge.

Cole Associates, Inc. (Cole) brought a contract action for payment of fees against Ronald H. Holsman, d/b/a Holsman Architects (Holsman). The contract provided for the performance of architectural and engineering services by Cole, as a subcontractor, for Holsman, the architect for the Sand Creek Country Club project of the Bethlehem Steel Corporation. The court, without benefit of a jury, found in favor of Cole and entered judgment in the amount of $38,-881.14, plus interest thereon at the statutory rate of interest from August 7, 1975.

On appeal, Holsman raises two issues for our consideration:

(1) Was the approval of the Bethlehem Steel Corporation a condition precedent to Holsman's obligation to pay Cole for its services rendered under the contract?

(2) Was Holsman's act of mailing to Cole a check for $33,823.62 a tender which would discharge it from paying the full amount of Cole's final billing plus statutory interest thereon from August 7, 1975?

We affirm.

■ The facts and the reasonable inferences drawn therefrom are as follows.

Holsman and Cole entered into an agreement on November 13, 1974 by which Cole agreed to perform certain mechanical design services in connection with the Sand Creek Country Club project. In the months that followed, Cole performed work on the project and periodically submitted invoices for payment to Holsman. It submitted billings in aggregate in the amount of $38,-881.14 to Holsman prior to May 30, 1975 and resubmitted a final total bill for the same amount on August 7, 1975.

In April of 1975, Holsman petitioned Bethlehem Steel for an increase in architectural fees due to the rising costs of the design and subcontract work. Bethlehem Steel refused to give Holsman the amount of fees requested, but the parties negotiated an agreement. On August 7, 1975 Holsman sent Cole a check for $33,823.62 and a letter which explained that Cole's payment had been reduced by approximately sixteen percent to reflect Holsman's settlement with Bethlehem Steel. Cole never acquiesced to or had any prior knowledge of this agreement.

On appeal, Holsman contends that Bethlehem Steel's approval was a condition precedent to its obligation to pay Cole for services rendered. It relies upon a provision in the contract between Holsman and Cole which is as follows:

"Payments due under this agreement are subject to the approval of Bethlehem Steel Corporation as related to the provisions of their Purchase Order to Holsman Architects."

In its argument, Holsman ignores the purchase order to which this contract provision refers. The pertinent section of the purchase order agreement between Bethlemen Steel and Holsman provides that:

"Seller shall not subcontract engineering or consultation service without obtaining the Buyer's prior written consent. In requesting such approval, the Seller shall report the full terms and conditions of the proposed subcontract and after approval shall require the subcontractor to submit billings in the proper detail to allow the Buyer's evaluation of charges rendered. Invoices for subcontract work

shall be substantiated by a copy of the subcontractor's billing."

We conclude that there is sufficient evidence to show that this purchase order provision required only that Bethlehem Steel approve the hiring of subcontractors, and that their billings be in sufficient detail as to enable Bethlehem Steel to evaluate the charges. The record shows that Bethlehem Steel not only approved the hiring of Cole, but it specifically directed Holsman to do so. Throughout the course of the work, Cole submitted billings for services rendered in accordance with the terms of its contract with Holsman. These billings were then submitted by Holsman to Bethlehem Steel as exhibits in a presentation. Holsman's contention that it is relieved of any obligation to pay Cole's final total billing because of Bethlehem Steel's lack of approval is fallacious. Bethlehem Steel's approval was never a condition precedent to the payment of Holsman's subcontractors.

Holsman next contends that its tender of a check for $33,823.62 discharges it from paying the full amount of Cole's final billing plus statutory interest thereon from August 7, 1975.

On August 7, 1975, Holsman sent a check of $33,823.62 to Cole. This check, which represented a sixteen percent reduction of Cole's final bill of $38,881.14, was given with the explanation that the Bethlehem Steel settlement had necessitated this reduction. In a letter to Holsman on September 26, 1975, Cole refused to accept the reduced payment. Cole, however, kept the check and did not attempt to negotiate it until October 21, 1976. At this time, the bank refused to pay on the check which was more than a year old.

Holsman attempts to characterize this transaction as one of "accord and satisfaction." The court in *Egbert v. Egbert* (1956), 235 Ind. 405, 132 N.E.2d 910 draws a distinction between "accord and satisfaction" and payment. It said:

"Accord and satisfaction is distinguished from payment in that payment is generally understood to be a discharge by a compliance with the terms of the obligation, or its equivalent, while in an accord

and satisfaction *the discharge is effected by the performance of terms other than those originally agreed on.* . . . " (Our emphasis)

■ Here, Holsman's check of $33,823.62 was approximately $5,000 less than the amount billed. By offering this check to Cole as "payment in full of all sums," Holsman was trying to change the contract terms for payment. To be an "accord and satisfaction," it is necessary that the money be offered in satisfaction of a claim. This offer must be accompanied by an express condition that the acceptance is in full satisfaction of the claim and that the offeree takes the money subject to such condition. *Miller Jewelry Co. v. Dickson* (1942), 111 Ind.App. 676, 42 N.E.2d 398; *Tabani v. Hester* (1977), Ind.App., 366 N.E.2d 193.

■ The notation on the back of Holsman's check outlined the following condition:

"Negotiation of this check constitutes payment in full of all sums due by maker to payee in connection with payee's services on the Sand Creek Club Project-Chesterton, Indiana. Payee further releases and waives any right to assert a mechanic's lien for labor performed or materials furnished to date for said project, and any claims for additional compensation from Holsman Architects."

Cole was not able to successfully negotiate this check; this condition of acceptance of a lesser sum as full payment was, therefore, never applicable. Holsman's attempted "accord and satisfaction" fails; it still must pay Cole the full amount for services rendered.

■ In its argument on appeal, Holsman focuses upon the continuing nature of its tender of the check. It argues that by Cole's refusal to cash the check, tender was kept open and Holsman was prevented "from knowing whether the check was accepted or refused until too late. . . . " The record shows to the contrary. Holsman was aware that Cole expected to be paid in full for its services. On September 26, 1975, Holsman was put on notice in a letter from Cole that it was refusing to accept the check as payment in full. Ideally, Cole

should have returned the check, but this oversight is not sufficient to constitute acceptance of tender.

Holsman contends that it owes no interest from August 7, 1975, the date of its tender to Holsman because "interest stops when tender is made." IC 1971, 26–1–3–604 (Burns Code Ed.) addresses this issue:

"(1) Any party making tender of full payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs and attorney's fees."

In the case at hand, Holsman did not tender full payment to Cole. Therefore, his tender was ineffective to discharge him to the extent of all subsequent liability for interest. In addition, if a tender is refused, it must be kept open by paying the full amount due into court. *Stockwell v. Bloomfield State Bank* (1977), Ind.App., 367 N.E.2d 42. The party pleading tender has the burden of showing that this was done. *Stockwell, supra.* There were no such funds paid into court. Holsman's tender defense must fail.

We affirm the trial court's judgment.

GARRARD, P. J., concurs.

LOWDERMILK, J., (by designation), concurs.