**Sandra Elaine PARRISH, Appellant (Defendant Below),**

v.

**ANNE SELIG MAREK, P.C., Appellee (Plaintiff Below).**

No. 49A04–8808–CV–288.

Court of Appeals of Indiana, Fourth District.

April 25, 1989.

**40**

Richard E. Culley, Indianapolis, for appellant.

Christopher E. Baker, Rubin & Levin, Indianapolis, for appellee.

CHEZEM, Judge.

### Statement of the Case

Sandra Elaine Parrish appeals a judgment from Marion Municipal Court I ordering Parrish to pay Anne Selig Marek, P.C., the sum total of $5,262.34 plus the costs of the action. We affirm and remand for hearing on appellate attorney fees.

### Facts

The appellant, Sandra Elaine Parrish (Parrish) hired the Appellee, Anne Selig Marek, P.C. (Marek), to represent her in dissolution proceedings.

On Wednesday, January 7, 1987, Marek advised Parrish that she required a fifteen hundred dollar retainer before she would enter her appearance on Parrish's behalf. Parrish wrote Marek a check for the amount saying she would have to transfer funds to cover the check. Marek advised Parrish her hourly rate would be $150 per hour. Marek also advised Parrish that she would work on Parrish's file but would not file an appearance or formally obligate herself to appear at the January 19, 1987 hearing until the check cleared.

Parrish called Marek daily, and Marek worked on Parrish's case throughout the weekend. The following Monday, Parrish arrived for an appointment with Marek and announced that she was firing Marek.

Marek billed Parrish for $1,905.00. On January 13, Marek negotiated the check and the bank refused to honor the check due to insufficient funds in the account. Marek sent a demand letter to Parrish on February 27, 1987. After receiving no response, Marek filed suit to recover: at the trial Marek announced that she elected to proceed under Indiana Code 28-2-8-1.

### Issues

We restate the issues as follows:

1. Whether or not the defenses set out in I.C. 35-43-5-5 should apply in an action seeking recovery on an unpaid check under I.C. 28-2-8-1.

2. Whether or not the evidence supports the conclusion that Parrish was indebted to Marek for services rendered.

3. Whether or not Marek is entitled to attorney fees to defend this appeal.

## Discussion

Indiana has three separate statutes providing for penalties for unpaid checks.

I.C. 28–2–8–1 provides:

Sec. 1. (a) A person who, having executed and delivered to another person a check or draft drawn on or payable at a financial institution, either without valid legal cause shown stops payment on the check or draft or allows the check or draft to be dishonored by a financial institution because of lack of funds, failure to have an account, or lack of an authorized signature of the drawer, or a necessary endorser, is, if found liable under applicable law to the holder on the check or draft in a court action, liable also for:

(1) interest at the rate of eighteen percent (18%) per annum on the face amount of the check or draft from the date of its execution until payment is made in full;

(2) court costs incurred in prosecuting any action which may be brought by the holder to collect on the check or draft; and

(3) all other costs of collection, including reasonable attorney's fees incurred by the holder if the responsibility for collection is referred to an attorney who is not a salaried employee of the holder. If legal action is filed to effect collection and the collection on the check or draft is referred to an attorney who is not a salaried employee of the holder, the holder of the check or draft is entitled to minimum attorney's fees of not less than one hundred dollars ($100).

(b) This section does not apply to a person who has so allowed a check or draft to be dishonored if, within ten (10) days after the holder has given notice that the check or draft has not been paid by the financial institution, the person pays to the holder the full amount of the check or draft. Such a payment is effective for all purposes as of the date it is made.

(c) For purposes of this section, notice that a check or draft has not been paid by the financial institution is considered as having been given at the time that the notice was deposited in the regular United States mail, if the notice was addressed to either:

(1) the address printed on the check or draft; or

(2) the address given by the person in writing to the payee or holder at the time the check or draft was issued or delivered.

(d) If the person who executed and delivered the check does not pay to the holder the full amount of the check or draft within thirty (30) days following certified mailing of written notice that the check or draft has not been paid, the person is liable for, and the court shall award judgment for, treble the face amount of the check or draft. However, the amount awarded in addition to the face amount of the check or draft may not exceed five hundred dollars ($500).

(e) A person must elect whether to pursue the claim either under this section or under IC 34–4–30–1.

(f) Subsection (d) does not apply to a person who has allowed a check or draft to be dishonored because of lack of funds if that person reasonably believed that there were sufficient funds in the account to cover the check or draft and the insufficiency of funds is caused by the dishonoring of a check or draft from a third party that had been deposited into the account of the person who executed and delivered the check. As amended by Acts 1981, P.L. 257, SEC. 1; P.L. 268–1983, SEC. 1; P.L. 268–1985, SEC. 1.

I.C. 34–4–30–1 provides:

Sec. 1. If a person suffers a pecuniary loss as a result of a violation of IC 35–43, he may bring a civil action against the person who caused the loss for:

(1) an amount equal to three (3) times his actual damages;

(2) the costs of the action; and

(3) a reasonable attorney's fee.[1]

I.C. 35–43–5–5 defines the criminal act of check deception, prescribes the penalty and the legal defenses. The legal defenses set out in I.C. 35–43–5–5(f) include: "(1) the payee or holder knows that the person has insufficient funds to insure payment or that the check, draft or order is post dated."

Appellant Parrish argues that these three statutes must be read *in pari materia*. Parrish would have us apply the defense to a crime in I.C. 35–43–5–5(f) which is "(1) the payee or holder knows that the person has insufficient funds to insure payment or that the check draft or order is post dated," to the civil actions authorized in I.C. 28–2–8–1 or I.C. 34–4–30–1.

■ However, appellant misapplies this well established rule of statutory construction to these three statutes. When interpreting the law, we must give effect to the intent of the legislature which enacted the law. *Community Hospital of Anderson and Madison County v. McKnight* (1986), Ind., 493 N.E.2d 775, 777.

The legislature's intent to construe these statutes separately is clear. The intent is evidenced by the fact that each statute sets out a procedure or defense whereby the check writer may avoid the consequences of that particular statute. This interpretation is supported even more clearly by the language in I.C. 28–2–8–1 stating "(e) A person must elect whether to pursue the claim either under this section or I.C. 34–4–30–1."

Thus, we conclude that the legislature's intent was that the defense set out in I.C. 35–43–5–5(f) not be applied to a civil action under I.C. 28–2–8–1 or I.C. 34–4–30–1.

■ Parrish next argues that the evidence supports the conclusion that Parrish was not indebted to appellee Marek for services rendered.

Appellant asks us to reweigh the evidence. This we will not do. When review-ing a challenge to the sufficiency of the evidence to support a judgment, this court will neither reweigh the evidence nor judge the credibility of the witnesses. *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071, 1075. This court will consider only that evidence most favorable to the trial court's judgment, together with all reasonable inferences to be drawn therefrom. *State v. Edgman* (1983), Ind.App., 447 N.E.2d 1091, 1100.

■ Lastly, Parrish argues that Marek is not entitled to recover attorney's fees to defend this appeal.

Parrish does not argue that the statutory provision of providing for attorney's fees does not include those incurred on appeal. Parrish argues only that Marek must file a formal petition requesting fees for appeal. Marek did request these fees in her brief. While the request is persuasive, she presents no information to guide us. She has not filed a formal petition with the trial court or this court. Judge White writing in *Willsey v. Hartman* (1971), 150 Ind.App. 485, 276 N.E.2d 577 held that because the appellee had "petitioned neither this court nor the trial court for such an allowance, nor has he shown us any authority or standard to guide us. On the record as it stands, we cannot grant the additional relief suggested." However, Judge Conover has stated, "the preferred procedure is for the trial court to hear the evidence and determine a reasonable fee when the appeal has been concluded." *Siebert v. Mock* (1987), Ind.App., 510 N.E.2d 1373 *citing Radio Distributing v. National Bank & Trust* (1986), Ind.App., 489 N.E.2d 642; *Templeton v. Sam Klain & Son, Inc.* (1981), Ind., 425 N.E.2d 89.

There being no dispute over the statute authorizing such fees, the appropriate remedy is to remand to the trial court for determination of the proper amount of fees. Therefore, we affirm the judgment of the trial court, but remand the case for

---

**1.** In 1987 the legislature amended both statutes extensively. See P.L. 278–1987. Added to I.C. 34–4–30–1 was a provision identical to I.C. 28–2–8–1(e).

hearing to determine appellate attorney fees.

MILLER and BUCHANAN, JJ., concur.