**W–M LIMITED PARTNERSHIP,**
**Appellant (Plaintiff Below),**

v.

**LAFAYETTE BANK AND TRUST**
**COMPANY, Appellee (Defendant**
**Below).**

No. 64A03–9008–CV–00325.

Court of Appeals of Indiana,
Third District.

July 24, 1991.

Alfred E. McClure, McClure Law Office, Lafayette, for appellant.

Charles V. Traylor, Indianapolis, Charles R. Vaughan, Vaughan and Vaughan, Lafayette, for appellee.

STATON, Judge.

W–M Limited Partnership and Woodcroft Development Corporation (WM), the beneficiaries of a land trust, appeal from a judgment for the defendant trustee, Lafayette Bank & Trust Company (the Bank), in WM's suit against the Bank for breach of its fiduciary duties. The Bank counterclaimed to quiet title in the real estate comprising the body of the trust, and the trial court found in favor of the Bank, determining that WM's claims were barred because they were fully litigated in a prior lawsuit. WM now challenges that finding as erroneous, and also asks this court to order the Bank to honor its fiduciary obligation and return the property to the beneficiaries.

We affirm.

On March 30, 1980, Alfred McClure (McClure) and the Bank executed a land trust agreement prepared by McClure. The subject matter of the trust consisted of real estate and improvements thereon commonly known as the Meadows Shopping Center in Porter County, Indiana. The Bank mortgaged the property in order to secure borrowings by McClure and his various business entities. After these loans came into default, the Bank initiated foreclosure proceedings. The Bank resigned as Trustee on September 8, 1987. On April 29, 1988, the Bank obtained a judgment of foreclosure in the Tippecanoe Circuit Court. The Bank purchased the trust property at sheriff's sale on July 5, 1989.

In his defense to the Bank's foreclosure proceeding, McClure made the following claims:

A. That Lafayette Bank and Trust was prohibited from pursuing its mortgage foreclosure action against the real estate because Lafayette Bank and Trust was a land trustee under Land Trust Number 1145.

B. That Lafayette Bank and Trust owed a general fiduciary duty to Alfred E. McClure due to its position as trustee under Land Trust 1145.

C. That Lafayette Bank and Trust cannot use any information it obtains about Alfred E. McClure since it was a land trustee under Land Trust Number 1145.

D. That Lafayette Bank and Trust is subject to criminal liability for its actions as land trustee under Land Trust 1145.

E. That Lafayette Bank and Trust, due to its position as land trustee under Land Trust Number 1145, lacks capacity to sue Alfred E. McClure as the beneficiary of Land Trust 1145.

Record, p. 323.

The trial court in this earlier proceeding made extensive findings and conclusions, including the following:

## FINDINGS OF FACT

141. The fiduciary duty owed by [the Bank] to McClure, as Trustee, does not prohibit [the Bank] from taking legal action to protect its interest with respect to borrowings of McClure from [the Bank].

142. [The Bank] did not breach any fiduciary duty owed to McClure as a result of the existence of Land Trust # 1145.

## CONCLUSIONS OF LAW

10. [The Bank] is entitled to a judgment of foreclosure of said mortgages on the Meadows against McClure, the Trustee, ... and to have the proceeds of the Sheriff's sale ... applied on said judgments.

\* \* \* \* \* \*

25. [The Bank] was not prohibited by reason of Land Trust # 1145 from having direct dealings with McClure.

26. In enforcing its rights to payment pursuant to the [promissory notes], and in protecting its interest in the collateral given to secure those notes [the Bank] did not act in any manner that was disloyal to McClure as beneficiary of Land Trust # 1145.

Record, pp. 409–12.

The Bank contends that WM[1] may not now litigate the purported breach of fiduciary duties because that issue is barred by the application of *res judicata* or collateral estoppel. WM maintains that *res judicata* has no application in this case because the breach complained of—the Bank's purchase of the trust property at the sheriff's sale—occurred well after the judgment in the prior action.

As in the prior lawsuit, the trial court in this case issued specific findings of fact and conclusions of law. Under these circumstances we will employ the following two-tiered standard of review: we first must determine whether the evidence supports the findings, and then we determine whether the findings support the judgment. *Kaminszky v. Kukuch* (1990), Ind.App., 553 N.E.2d 868, 870, *trans. denied.* Findings of fact and conclusions of law may only be set aside if they are clearly erroneous; that is, where a review of the record leaves us with a firm conviction that a mistake has been made. *Indiana Dep't of Correction v. Stagg* (1990), Ind.App., 556 N.E.2d 1338, 1341, *trans. denied.*

■ WM first contends the trial court erroneously applied the doctrine of *res judicata* to bar its claim. In order to apply the doctrine of *res judicata,* or "claim preclusion," the following elements must be satisfied:

1) the former judgment must have been rendered by a court of competent jurisdiction;

2) the former judgment must have been rendered on the merits;

3) the matter now in issue was, or might have been, determined in the former suit; and

4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies.

*T.R. v. A.W. by Pearson* (1984), Ind.App., 470 N.E.2d 95, 96, *trans. denied.*

■ WM maintains that the third element, that the matter now in issue was or

1. The parties stipulated that, for purposes of the current litigation, WM and McClure are to be

might have been determined in the former suit, is wanting in this case. We agree. The matter now in issue, whether the Bank's purchase of trust property is a violation of its fiduciary duties, was not determined in the prior suit, nor could such a prospective breach have been litigated. Our finding in favor of WM on this issue, however, does not warrant reversal of this appeal.

■ WM argues that the Bank's purchase of the trust property was a violation of its fiduciary obligations. WM relies on *Home Federal Savings & Loan Ass'n v. Zarkin* (1982), 89 Ill.2d 232, 59 Ill.Dec. 897, 432 N.E.2d 841, for the proposition that the fiduciary duty of loyalty requires a trustee that purchases trust property to reconvey the property to the beneficiaries or hold it for the same. This reliance overlooks two important points. First, *Zarkin* was superseded by Ill.Rev.Stat. ch. 148, §§ 81–84 (1983), and cases following. *See Sanelli v. Glenview State Bank* (1985), 108 Ill.2d 1, 90 Ill.Dec. 908, 483 N.E.2d 226. Second, the Bank in this case was not the trustee at the time it purchased the property.

The trial court found that the Bank resigned as Trustee effective September 18, 1987. WM does not challenge this finding or the propriety of the Bank's resignation under the terms of the trust. Once the Bank resigned as trustee, it no longer had a duty to refrain from purchasing trust property, except under certain conditions. These conditions are enunciated in **Restatement (Second) of Trusts** § 170 comment g (1959):

A trustee can properly purchase trust property after the termination of the trust *or after he has otherwise ceased to be trustee* if he does not take advantage of the beneficiary by the use of information acquired by him as trustee or otherwise take advantage of his former position as trustee.

Emphasis added.)

There is no credible evidence in the record to indicate that the Bank took ad- treated as a single entity.

vantage of its former position when it purchased the trust property nearly two years after resigning as trustee. Rather, the evidence reflects bad faith by WM in its repayment practices, a series of sham conveyances, and a number of bankruptcy proceedings dismissed with prejudice. These efforts were undertaken to hinder the Bank in its attempts to recover the money lent to the appellants.

While it is true that a breach of a fiduciary duty is actionable after the trustee is removed or resigns, the trial court in the prior action found that the Bank did not breach any such duty owed to the beneficiaries. The trial court in this case correctly concluded that the judgment in the foreclosure action of April 29, 1988 resolved this issue completely. Because no breach of fiduciary duties occurred up to this point, and because we find no evidence of impropriety in the purchase of the trust property, we conclude that the judgment of the trial court in this case was not clearly erroneous.

Affirmed.

HOFFMAN, J., concurs.

GARRARD, J., concurs in result without separate opinion.