**G. COWSER CONSTRUCTION, INC., Appellant–Plaintiff,**

v.

**John M. NICKSIC and Mary Nicksic, Husband and Wife, American Savings, FSB, A United States Corporation, Appellees–Defendants.**

No. 45A04–9211–CV–409.

Court of Appeals of Indiana, Fourth District.

Oct. 28, 1993.

Michael L. Muenich, Hand, Muenich, Wilk & Reid, Highland, for appellant-plaintiff.

John M. Sedia, Tweedle & Sedia, Highland, Harold Abrahamson, Abrahamson, Reed & Adley, Hammond, for appellees-defendants.

CONOVER, Judge.

Plaintiff–Appellant G. Cowser Construction, Inc. (Cowser) appeals the Lake Superior Court, Room Five's judgment in its favor foreclosing a mechanic's lien and awarding money damages against Defendants–Appellants John M. Nicksic and Mary Nicksic, husband and wife, and American Savings, FSB, a United States Corporation (collectively, Nicksic).

We affirm.

The issues presented by this appeal are whether

(a) the judgment in Nicksic's favor on his counterclaim against Cowser is contrary to law and the evidence, and

(b) the trial court erred by failing to award damages for

1. properly chargeable interest, and

2. reasonable attorney fees for Cowser's counsel.

Nicksic, a homeowner, and Cowser, a cement contractor, entered into a contract for Cowser to do some cement work on Nicksic's house during the winter. Nicksic acted as his own general contractor.

While doing the cement work, Cowser neglected to lay down required underlayment before pouring the basement floor, and laid up some cement work without dewatering, but in general did those things it was required to do under the contract's provisions. Also, some of the cement work was damaged when it was afforded no protection while setting up during sub zero weather, i.e., it froze. After completion, some of Cowser's cement work leaked.

When Nicksic did not pay Cowser, it filed a mechanic's lien, then this suit seeking its foreclosure and damages for breach of contract. Nicksic counterclaimed asserting Cowser's workmanship was substandard. After trial, the court entered findings of fact and conclusions of law upon request of Cowser and judgment favoring Cowser on its complaint and favoring Nicksic on his poor workmanship counterclaim which allowed Nicksic a $2,140 setoff against Cowser's judgment.

Cowser appeals. Further facts, as necessary, appear below.

Cowser first attacks the sufficiency of the evidence[1] supporting the underlined portion of the trial court's finding numbered 24. It reads:

> 24. ... Photographs presented in evidence by the Defendant reveal many defects that were complained of, that is, windows not being square, one of which was replaced by Cowser, but another by Nicksic, at a cost of $124.66; <u>obvious leaks in the concrete walls that had been patched, requiring the expenditure of $2,140.00 by Nicksic for waterproofing;</u> .... (Emphasis supplied).

(R. 22–23). The parties also argued as to the nature of the judgment appealed from, i.e., whether the judgment on Nicksic's counterclaim was or was not a negative judgment as to Cowser. It was not a negative judgment as to Cowser. Nicksic bore the burden of proof on his counterclaim. Cowser's issue here then is whether the evidence is sufficient to support that portion of the trial court's finding numbered 24 underlined above.

It is the appellant's obligation when challenging the sufficiency of the evidence at trial to present us with a record containing all the evidence, not just those parts thereof which it believes supports its position. Without all the evidence presented at trial, we cannot do a complete review to determine whether substantial evidence or reasonable inferences arising therefrom exist which support the challenged finding or judgment. Thus, an insufficiency of the evidence issue whether directed at trial court findings or as support for a judgment generally, is waived on appeal if the record does not contain all the evidence presented at trial. Here, Cowser filed only a partial record, but we gave Cowser time to supplement the record filed with a full transcript of the evidence at trial. Only in this manner could we review its insufficiency of the evidence claim on the merits. Because Cowser now has filed a full transcript of the evidence, we are in a position to review its insufficiency claim.

When we review a trial court's findings, we apply a two-tiered standard of review. First, we must determine whether the evidence supports the findings, and then, we must determine whether the findings support the judgment. Special findings will be set aside only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. *Kaminszky v. Kukuch* (1990), Ind. App., 553 N.E.2d 868, 870, *trans. denied.*

When reviewing the evidence at trial pursuant to a claim of insufficiency by

---

1. At least, that appears to be the issue Cowser wishes to pursue. Its statement thereof is "Whether or not the trial court's judgment against Cowser is contrary to the evidence and contrary to law." (Appellant's Brief, p. iv).

In the days when motions for new trial and the precise statement of appealable grounds therein were a necessary prerequisite to the right to appeal, *see Dorweiler v. Rosebush–Sinks* (1958), 128 Ind.App. 532, 148 N.E.2d 570, 577, *trans. denied* 238 Ind. 368, 151 N.E.2d 142, such a statement was held not to raise an appealable issue and the trial court was affirmed without further ado because it states two different grounds in the alternative, the first for an appel-

lant not carrying the burden of proof at trial, the second for one who did. Such a statement leaves it to the appeals court to pick the correct ground, compromising the court's impartiality, it was reasoned in earlier times.

However, motions to correct errors are no longer an appellate prerequisite with two exceptions. *See* Ind.Trial Rule 59(A). "All other issues and grounds for appeal appropriately preserved during trial may be initially addressed in the appellate brief." *Id.* Because we prefer to decide appeals on their merits, we have correctly stated the issue Cowser attempts to raise. In doing so, however, we do not express partisanship, only our desire to reach the merits.

the appellant, we will not reweigh the evidence nor judge the credibility of the witnesses. Rather, we look to the evidence which best supports the finding or judgment and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value supporting the trial court's finding or judgment, it will not be overturned. *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071, 1075; *Pierce v. Drees* (1993), Ind.App., 607 N.E.2d 726, 722; *In re Paternity of Tompkins* (1989), Ind.App., 542 N.E.2d 1009, 1013; *Parrish v. Anne Selig Marek, P.C.* (1989), Ind.App., 537 N.E.2d 39, 42, *trans. denied.*

In essence, Cowser's arguments on sufficiency are two:

(a) the trial court erroneously must have considered hearsay contained in Defendant's Exhibits 2 and 3 regarding leaks in the concrete although it had admitted them only to prove the amount Nicksic paid a third party for waterproofing, and

(b) the trial court did not find Cowser's concrete work was defective, and could not because all the evidence presented at trial was to the contrary. We disagree with both assertions.

Initially we note Cowser's argument on its insufficiency issue is nothing more than an implied invitation to this court to reweigh the evidence and re-judge the credibility of the witnesses. We cannot do so. Such functions are the sole province of the finder of fact. In sufficiency matters, we review only to determine if there is substantial evidence having probative value which supports the trial court's finding. If there is, that is the end of the matter under the applicable standard of review noted above.

▉ Nothing in this record indicates the trial court considered Defendant's Exhibits 2 and 3 for anything other than the amount Nicksic paid U.S. Waterproofing for its

work. Only Cowser's bald assertion it must be so because no other credible evidence proves the walls leaked due to Cowser's poor workmanship appears of record. That assertion is incorrect. There is substantial evidence there were "obvious" leaks in the concrete walls Cowser constructed due to Cowser's substandard construction techniques.

Nicksic himself testified:

Well, among other things—first of all, when I first spotted one crack and possibly two cracks, that was the day it was backfilled ... And that morning we went over there and they were shoring up the walls and they pointed out the crack, the big—the main crack. And I believe that at that time there is another crack, too, where the beam pocket went. But the main one, that's what caught our eye.

　.　　.　　.　　.　　.

But during this period, it was obvious there was a lot of cold joints and honeycomb in the surface. Honeycomb, deep honeycomb under the southwest window, an opening where I could stick my hand through, okay?

　.　　.　　.　　.　　.

(Partial R. 100–101). This testimony was admitted without objection. Even standing alone, it supports the trial court's finding in this regard.[2] However, there is more.

Cowser's witness Natelborg testified he saw shrinkage cracks at normal places like the corner of windows. (R. 78). Shrinkage cracks can happen regardless of the precautions taken. When water dissipates from the concrete from a large pour, "the surface contracts and you are going to get cracks...." (R. 91).

Finally, Defendant's Exhibit 4, a display of 23 photographs, was admitted into evi-

---

**2.** In its reply brief, Cowser argues the circumstances here peculiarly require the testimony of experts only. We disagree. Nicksic's uncontroverted testimony that the concrete wall complained of had "an opening where I could stick my hand through, okay?" (Partial R. 101) con-

notes a set of facts upon which lay testimony is substantial and probative. Clearly, expert testimony is not peculiarly appropriate to the exclusion of lay evidence here, as it may be in the case of opinions of property value or as to medical matters.

dence without objection. (R. 167).[3] Regarding that exhibit, Nicksic testified:

Q: Some of those photographs, Mr. Nicksic, show, I believe, the one you took immediately after the pour show some sort of material on one of the walls of your foundation; is that correct?

A: Right.... And it's right by that window that we had all the problems with where you see where there was an opening underneath....

Q: Is there anything else in those pictures that were taken right after that's over the wall in the foundation?

A: Also if you notice on those pictures, there is Visqueen stretched on that whole south wall and wraps around the west wall. That corresponds—that is the wall—those are the walls I had most of the trouble with, most of the cold joints and honeycombs.

Q: You didn't have many problems or any problems with the other walls or—

A: The north walls and the east wall I had one problem. One problem, and that was a section of old joint and honeycomb, again, that Mr. Cowser patched up and everything. But it still leaked and that's the joint I had epoxied. And there is a picture of that.

(R. 167–168).

Cowser's allegation the trial court's findings do not state its workmanship regarding the concrete walls was defective is without merit. Finding number 24 reads, in part, as follows:

24. ... *Photographs presented in evidence by the Defendant reveal many defects that were complained of, ...; obvious leaks* in the concrete walls that had been patched, requiring the expenditure of $2,140.00 by Nicksic for waterproofing; ... (Emphasis supplied).

(R. 23–24). Such finding necessarily implies Cowser's workmanship was defective because waterproofing by a third party to repair Cowser's work was required. Substantial evidence supports the trial court's finding numbered 24.

Cowser next claims the trial court erred by cutting off pre-judgment interest on the date Nicksic tendered $13,717 in discharge of his obligations to Cowser, some 488 days short of the time Cowser claims pre-judgment interest was due. Cowser submitted the last of its two invoices for work done on the project to Nicksic on February 19, 1990, and the trial court determined the pre-judgment interest period began on that day. After calculating the balance due Cowser was $16,248.60 in its conclusion of law no. 2, and Nicksic's set off on its counterclaim was $2,580.03 in its conclusion of law no. 3, the trial court entered its conclusion of law no. 4 regarding the award of pre-judgment interest to Cowser. It reads:

4. That Plaintiff is entitled to interest on the sum of $13,668.57 from February 27, 1990 to February 19, 1991, when Defendant tendered the sum of $13,717.00. The Court determines this to be 353 days at $3.00 per day, for a total of $1,068.00 interest.

(R. 23–24).

The parties to this appeal agree pre-judgment interest should have been awarded, but Cowser disagrees on the amount. It claims the trial court should have awarded it an additional $1,973.17, i.e., for an additional 488 days at a revised interest rate over the claimed period of $3.616 per day,[4] as opposed to the trial court's 353 days at a $3.00 per day interest rate.[5] However, Cowser makes no argu-

---

3. This display remains in the trial court's custody pursuant to Ind.Appellate Rule 2(A)(3)(b).

4. At least that is the additional figure Cowser seems to be claiming. It has not given us the benefit of those calculations in its Appellant's Brief. It saw fit only to refer us to various trial exhibits, leaving us to make those calculations for ourselves. While we have reluctantly done so because of our almost overwhelming desire to get to the merits here, we suggest the better practice is for the parties on appeal to make those calculations for themselves in the interest of judicial economy, in which we all should be interested, judge and lawyer alike.

5. This disparity results from the trial court's selection of $13,717 as the principal sum due Cowser over the period it selected, and Cowser's selection of $16,498.60 over the period Cowser believes pre-judgment interest was due.

ment concerning trial court error as to the daily interest rate, so any objection it may have had thereto is waived. Thus, the only question on this issue is whether the trial court erred by determining pre-judgment interest was to cover only the period from submission of Cowser's last invoice to the date Nicksic "tendered" the $13,717 mentioned in the trial court's conclusion of law no. 4.

■ Initially, Cowser argues tender in this context is an affirmative defense requiring special pleading under T.R. 8(C). Because Nicksic did not, such defense is waived, it postulates. Next, Cowser suggests, it was not a valid tender because his offer did not include interest and attorney fees. Finally, assuming for purposes of argument Nicksic had vaulted the hurdles Cowser proposes on this issue, it alleges failure thereof because the tender was not paid into court. We disagree on all counts.

■ Pre-judgment interest concerns the assessment of damages by a trial court after trial has been completed. It is simply an element of damages in a proper case. Thus, it is not an affirmative defense, does not concern an inclusive tender of attorney fees, nor the open tender requirement for cases involving commercial paper under the Uniform Commercial Code. *See Cole Assoc.'s Inc. v. Holsman* (1979), 181 Ind.App. 431, 391 N.E.2d 1196, 1199; IC 26–1–3–604.

■ The applicable rule was succinctly stated in *Fort Wayne National Bank v. Scher* (1981), Ind.App., 419 N.E.2d 1308, as follows:

> The award of [pre-judgment] interest is founded *solely* upon the theory that there has been a *deprivation of the use of money or its equivalent* and that unless interest be added, the injured party cannot be fully compensated for the loss suffered. [Citing cases]. Interest is recoverable not as *interest* but as additional damages to accomplish full compensation.... (Emphasis added and in original).

---

**6.** An attempt to do so is made in Cowser's reply brief, but that is too late. New issues cannot be advanced in an appellant's reply brief. *See*

*Scher,* 419 N.E.2d at 1310–1311. Cowser has not challenged the sufficiency of the evidence to support the trial court's conclusion of law no. 4.[6] Thus, the funds Cowser felt it was entitled to became available to it on February 19, 1991, and thereafter. The trial court correctly calculated pre-judgment interest for that period at $1,068, and correctly included that figure as part of Cowser's damages.

Finally, Cowser complains it was entitled to more attorney fees than the trial court awarded. We disagree.

■ Attorney fees in a mechanic's lien case are addressed to the sound discretion of the trial court. *Clark's Pork Farms v. Sand Livestock Systems, Inc.* (1990), Ind. App., 563 N.E.2d 1292, 1300. However, the award of an attorney's fee, like the award of other costs of litigation

> ... is not the same question as the determination of reasonableness of a fee as between the attorney and his client, or the actual expenses to be reimbursed the attorney by his client regardless of whether awarded under the cost bill.

*Id.* at 1300. Continuing, the *Clark's Pork* court said:

> The award of attorney fees in an action to foreclose a mechanic's lien is not an attempt to compensate the attorneys for all the legal services performed in connection with the lien. Rather the amount of the award is intended to reflect the amount the lienholder reasonably had to expend to foreclose the lien. Such awards "should be made with caution so that property owners are not discouraged from challenging defective workmanship on the part of lienholders by excessive awards of attorney's fees." The amount awarded as attorney's fees should therefore be reasonable in relation to the amount of the judgment secured.

. . . . .

*Adoption of H.M.G. v. Goforth* (1993), Ind.App., 606 N.E.2d 874.

[I]n setting reasonable fees we admonish the trial court to keep in mind that an award of attorney's fees should be in reasonable relation to the amount of the judgment secured, and the policy of not discouraging valid claims by property owners.

*Id.* at 1300–1301. (Citations omitted).

■ Albeit counsel's experience and qualifications, it is apparent the trial court followed the *Clark's Pork* court's admonishment to the letter, and was clearly within the parameters of the discretion afforded it in such circumstances. In its finding of fact no. 24 the trial court said, in part

24. That Plaintiff spent a good deal of the trial using experts to establish that the concrete installed by the Plaintiff exceeded the strength requirement of residential construction. This issue was never raised nor complained of by the Defendant.

(R. 22). The strength of Cowser's concrete was not at issue. Regardless of counsel hours involved, the trial court correctly reasoned the time counsel expended in retaining, preparing, and presenting the testimony of experts to prove a matter immaterial to the issues presented for trial clearly was useless effort and non-compensable. The award of additional fees would tend to discourage property owners wrongfully subjected to mechanic's liens from asserting valid claims in appropriate cases.

Affirmed.

CHEZEM, J., concurs.

SHIELDS, J., concurs in part and concurs in result in part with separate opinion.

SHIELDS, Judge, concurring in part and concurring in result in part.

I concur in part and concur in result in part.

I concur with the majority's resolution of Cowser's claim that the trial court erred in determining the amount of attorney fees to which it was entitled.

On the issue of the award of damages for waterproofing of the concrete walls. I concur in result. I agree with the majority opinion only to the extent that it holds that the trial court implicitly found that the waterproofing was required as a result of Cowser's defective workmanship and that there is evidence in the record which supports that finding.

On the issue of prejudgment interest I also concur in result; I agree with the majority opinion to the extent it holds that the court's determination of the amount of prejudgment interest is not erroneous for the reasons argued by Cowser.