KENDALL LUMBER & COAL COMPANY, INC. *v.*
ROMAN ET AL.

[No. 17,998. Filed March 31, 1950. Rehearing denied April 18, 1950. Transfer denied June 8, 1950.]

*Porter D. Crowell,* of Kendallville, for appellant.

*Ralph W. Probst,* of Kendallville, and *Mountz & Mountz,* of Garrett, for appellees.

ROYSE, J.—Appellant brought this action against the appellees and one Frank Wyatt to foreclose a mechanic's lien. Prior to trial the action as to said Wyatt was dismissed.

The facts as disclosed by the record may be summarized as follows: The appellee Temple (hereinafter designated as the owner) is the owner of certain real estate in Noble County. The appellee Roman (hereinafter designated as the purchaser) had entered into a written contract to purchase said real estate. On or about the 21st day of July, 1948 the purchaser entered into a written contract with the aforementioned Wyatt for certain repairs to the building located on said real estate. By the terms of the contract Wyatt was to do the work free and clear of all liens. This contract was not recorded in the office of the Recorder of Noble County. No signs were posted at the place where the work was being done stating the work was being done under a no-lien agreement with said Wyatt. Subsequent to the execution of this contract appellant, on order of said Wyatt, sold and delivered lumber, cement, hardware and other material of the value of $354.07 to said purchaser and these materials were used in the construction, erection and remodeling of said buildings. On the 22nd of October, 1948, within sixty days from the time of furnishing said materials, appellant filed and caused to be recorded in the office of the Recorder of Noble County, a notice in writing of its intention to hold a lien on said property. This notice was signed "Kendall Lumber & Coal Company, by Jesse Newkirk, Sec. Mgr."

It is undisputed that the material furnished went into the building. There was a conflict in the evidence as to whether the purchaser had, on the occasion of the first delivery of material, informed an employee of appellant by telephone that only Wyatt was liable for the cost of said material. Because of the conclusion we have reached, we do not deem that matter material to the question here presented.

At the outstart, the owner and purchaser assert that because the assignment of error here is the overruling of the motion for a new trial and the only specification in that motion is that the decision of the court is contrary to law, there is no question whatever in this case as to the evidence. We cannot agree with this contention. This is an appeal from a negative judgment. Under this assignment appellant may present the question of whether the evidence shows conclusively that it was denied relief to which it was entitled under the law. *Wilson, Administratrix* v. *Rollings et al.* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Lease* v. *G. & A. Truck Lines, Inc.* (1950), 120 Ind. App. 78, 90 N. E. 2d 351; *Warren Company, Inc.* v. *Exodus* (1944), 114 Ind. App. 563, 53 N. E. 2d 546.

Other technical defects have been waived because appellees sought and obtained an extension of time in which to file their briefs. *Lease* v. *G. & A. Truck Lines, Inc., supra; Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629, 632.

Section 43-701, Burns' 1940 Replacement (1949 Supp.), provides in part as follows:

> "Contractors, subcontractors, mechanics, journeymen, laborers and all persons performing labor or furnishing materials or machinery for the erection, altering, repairing or removing any house, mill, manufactory, or other building . . . may have a lien separately or jointly upon the house, mill, manufactory or other building . . . for which they

may have furnished materials or machinery of any description, and, on the interest of the owner of the lot or parcel of land on which it stands or with which it is connected to the extent of the value of any labor done, material furnished or either; . . . and should the person, firm or corporation be in failing circumstances the above mentioned claims shall be preferred debts whether claim or notice of lien has been filed or not.

"No provision or stipulation in the contract of the owner and principal contractor that no lien shall attach to the real estate, building, structure or any other improvement of the owner, shall be valid against subcontractors, mechanics, journeymen, laborers or persons performing labor upon or furnishing materials or machinery for such property or improvement of the owner, unless the contract containing such provision or stipulation shall be in writing, and shall be acknowledged as provided in case of deeds and filed and recorded in the recorder's office of the county in which such real estate, building, structure, or other improvement is situated not more than five (5) days after the date of the execution of such contract, and unless the owner, before the commencement of the work under said contract, shall post or cause to be posted a notice not smaller in size than three (3) feet by three (3) feet in a place upon said premises conspicuous at all times to all subcontractors, mechanics, journeymen, laborers or persons performing any work upon said premises or furnishing any material or machinery for such property or improvement, and shall maintain or cause such notice to be so maintained upon said premises at all times during the progress of the work under said contract. Said notice shall be substantially in the following words: 'This work to be done under a no-lien contract between the owner and the principal contractor. (name) ————, owner', and in letters not smaller than three (3) inches in height. The recorder shall record such contract at length in the order of time of its reception in books provided by him for that purpose, and the recorder shall index the same in the name of the contractor and in the name of the owner, in books kept for that purpose, and said recorder shall receive therefor a fee such

as is provided for the recording of deeds and mortgages in his office."

It has been consistently held that oral notice of a "no-lien contract" is not sufficient to avoid the requirements of statutes analogous to the one here under consideration. The requirement of the statute as to the recording and giving of notice of such a contract is mandatory and the burden of proving compliance with the statute is upon the owner of the real estate who desires to avoid responsibility for the improvements. 36 Am. Jur., pp. 88, 90, 94; 123 A. L. R. 55, Subd. VI.

Therefore, because the contract between the purchaser and the contractor herein was not recorded, and no notice as required by the statute was placed on the premises, the right of appellant to a lien on the purchaser's interest in the property was not waived by the contract. *Hutton et al.* v. *McGuire et al.* (1928), 88 Ind. App. 163, 168, 161 N. E. 648 (Transfer denied).

The appellees contend the statutory notice of the lien was fatally defective because it was signed "Kendall Lumber and Coal Company" instead of "Kendall Lumber and Coal Company, Inc." The same contention was rejected by this court in the case of *Waverly Company et al.* v. *Moran Electric Service, Inc.* (1940), 108 Ind. App. 75, 81, 26 N. E. 2d 55; *Talbott* v. *Hale et al.* (1880), 72 Ind. 1.

Appellees further contend the complaint herein does not state a cause of action because it does not allege appellant sold any materials under an agreement with the contractor or anyone else for use upon the particular real estate.

Conceding without deciding that the complaint herein does not set out with sufficient clarity that the materials

were furnished "for" the building, in our opinion appellees, by failing to demur to the complaint, have waived such defect where, as here, the evidence leads inescapably to the conclusion that the materials were furnished "for" this building, and such evidence was admitted without objection from appellees.

Appellees, in further support of the trial court's judgment, say: To entitle the appellant to a mechanic's lien upon the property described in the complaint, (1) it must have proven that appellee Roman had an interest in the property described in the complaint that was subject to such lien; (2) that the material was sold to Wyatt, the contractor, for use on that particular property; (3) that said material was delivered to and used upon that property; (4) what its value was and that, within the time fixed by the statute and in the manner and form fixed and provided by the statute, it filed a notice of its intention to hold a mechanic's lien upon such property; (5) if it failed to prove its compliance with all these requirements, or if it sold said materials upon the credit of the contractor, it was not entitled to hold or enforce any such lien against either of the appellees.

The answers of both the owner and the purchaser admit the allegation of the complaint that the purchaser had entered into a written contract to purchase the real estate herein from the owner. In addition, the purchaser testified at the trial of this case that he was purchasing this property under contract. It is well settled that the interest of a purchaser of real estate under a contract of sale is subject to a mechanic's lien. 36 Am. Jur., p. 69, § 87, p. 68, § 84; 2 *Jones on Liens* (3rd Ed.), p. 437, § 1245; *Rusche* v. *Pittman* (1904), 34 Ind. App. 159, 162, 72 N. E. 473; *Krotz et al.* v. *A. R. Beck Lumber Company et al.* (1905), 34 Ind. App. 577, 589, 73 N. E. 273; *Granite Improve-*

*ment Company* v. *O'Haver* (1928), 87 Ind. App. 655, 663, 156 N. E. 586 (Transfer denied) ; *Fletcher Avenue Savings & Loan Association* v. *Roberts et al.* (1934), 99 Ind. App. 391, 396, 188 N. E. 794 (Transfer denied).

In support of its claim appellant introduced without objection from the appellees, Exhibits Nos. 2 to 17, inclusive. Exhibits Nos. 2 to 16 were invoices left with the purchaser at his premises at the time the various items of materials were delivered to the purchaser's premises. They showed the quantity and price of the material. They showed the materials were sold to Frank Wyatt for the Roman job. Some of them were signed by the purchaser. Exhibit 17 was an itemized statement of the fifteen exhibits showing deliveries were made from July 20, 1948 to August 31, 1948. It showed the total value of these materials to be $351.27.

In 36 Am. Jur., p. 168, § 275, it is stated:

"While there are some cases to the effect that the use of the materials must be shown, the indirect implication of which seems to be that evidence of mere delivery is not sufficient to show their use, the cases which have directly passed upon the question are inclined to the view that delivery of materials at the place of use prima facie establishes the fact of their use, and places the burden of showing the contrary upon the owner of the building. Along this same line it is generally held sufficient to show that the materials were purchased for use in and were delivered at the building, and that some of the materials furnished, or that materials of that character, were used in the building. Where it is proved that part of the materials delivered were actually used, the presumption of use of all the materials, arising from delivery, is, of course, stronger."

The burden is on the owner to show the materials were not used on the building. 36 Am. Jur., p. 166, § 272, n3.

There is some evidence in the record that all of the materials referred to in the above mentioned exhibits were delivered to the premises of the purchaser. On this question there is some conflict in the testimony of the purchaser. In answer to one question of his attorney he said all of the material was delivered to his building. On cross-examination he said he did not know of his own knowledge that it was all delivered there. It is undisputed that a substantial portion of these materials was delivered to and used on the purchaser's building. And there is no evidence that any of the items covered by the above mentioned exhibits were not delivered to and used on the purchaser's property.

The evidence in the record conclusively shows appellant entered into a contract with Wyatt to furnish materials for the work on the purchaser's building.

While it is true the owner may not be required to pay more than the reasonable value of labor or materials furnished and is not bound by the price agreed on between the contractor and the lien claimant, yet such agreed price may be taken as prima facie correct. *Lanier et al.* v. *Lovett* (1923), 25 Ariz. 54, 213 Pac. 391. Such contract price may be prima facie evidence of reasonable value. 57 C. J. S. 965, § 308, subd. H.

In the case of *Merritt* v. *Pearson* (1881), 76 Ind. 44, the Supreme Court held that in an action on a mechanic's lien the plaintiff may give evidence of the contract between himself and the contractor as to the price of his labor, and where there is a conflict such evidence is sufficient to sustain a judgment for such amount.

Invoices are admissible as some evidence of value. *Straus et al.* v. *Victor Talking Machine Co. et al.*

(C.C.A. 2nd, 1924), 297 Fed. 791, 805. A memorandum of the agreement of the parties is some evidence of the value of the property involved. *Wood et al.* v. *Niemeyer et al.* (1921), 185 Cal. 526, 197 Pac. 795, 799; *Jones* v. *Jernigan et al.* (1924), 29 N. Mex. 399, 223 Pac. 100, 104. Inventory figures are admissible in evidence. *Woodsmall* v. *Carr Tire Company* (1934), 98 Ind. App. 446, 452, 185 N. E. 163 (Transfer denied). We are of the opinion the invoices hereinabove referred to established prima faciely the value of the materials herein.

The evidence is undisputed that appellant filed his notice of intention to hold a lien within the time fixed and in the manner and form prescribed by the statute.

Even though a materialman relies primarily on the credit of the contractor, he does not thereby waive or forfeit his right to a lien when he furnishes material for a building and the material is used in the building. *Clark et al.* v. *Huey et al.* (1895), 12 Ind. App. 224, 40 N. E. 152; *Johnson et al.* v. *Spencer* (1912), 49 Ind. App. 166, 169, 96 N. E. 1041.

In our opinion the record herein leads inescapably to the conclusion that the judgment of the trial court denied appellant relief to which it was entitled under the law as against the purchaser. The judgment as to the purchaser is contrary to law. However, this is not true as to the owner. Therefore, the judgment of the Noble Circuit Court as to the owner is affirmed, and it is reversed as to the purchaser, with instructions to sustain appellant's motion for a new trial as to said purchaser, and for further proceedings in accord with the views herein expressed.

NOTE.—Reported in 91 N. E. 2d 187.