WEINBERG ET AL. *v.* RICHMOND INDUSTRIAL CENTER, INC., ET AL.

[No. 19,471. Filed November 29, 1961.]

*David E. Hayes,* of New Castle, for appellants.

*Brown, Reller, Mendenhall & Kleinknecht* and *George R. Reller,* of Richmond, for appellee Richmond Industrial Center, Inc.

KELLEY, J.—The action giving rise to this appeal resulted in a finding and judgment for appellees and that appellants take nothing by their complaint.

Said complaint consisted of three "counts." The first and second counts alleged upon a theory of fraudulent misrepresentation and intent to defraud and deceive, respectively. As there was no evidence adduced to support said counts of the complaint, no further consideration will be afforded them. The third count apparently proceeds upon the theory that appellants purchased "articles," including 4500 feet of conveyor chain, at an auction held by appellees and there was a shortage in the number of feet of conveyor chain delivered. Prayer for recovery of $1500.00.

Appellant's motion for a new trial consists of three asserted specifications of error but only the first thereof is capable of presenting any question. Said specification is that the decision of the court is not sustained by sufficient evidence and is contrary to law. Upon the appellants rested the burden to prove the allegations of their complaint and since the decision

against them is not grounded in the quantum of the evidence, the negative decision may not be challenged as unsustained by sufficient evidence.

It is firmly established, however, that under the specification that the decision is contrary to law, appellants may properly show that the evidence entitled them to relief which the decision of the trial court denied them. That this is the case must be demonstrated, and sustained by appellants' brief in the manner prescribed by the Rules adopted by the Supreme Court. In determining the question, consideration is given only to the evidence most favorable to the appellees together with the reasonable inferences permissible therefrom. *Pokraka et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 529, 104 N. E. 2d 669.

The herein brief of appellants is not without considerable portions of inadequacy. Nevertheless, we have endeavored to decipher the heterogeneity to the end of determining whether the decision of the trial court is contrary to law. The only argument advanced by appellants is couched in the variform proposals that "the complaint among other things, states a cause of action for breach of an express contract;" that "the defendants (appellees) made to the plaintiffs (appellants) the express warrant as to the length of chain"; that the "evidence shows that it is a case of an executed auction sale contract and that after the sale is completed the plaintiff is asking for damages for breach of warranty" and that "Where there is an attempt to describe property and the goods are sold by description, Burns' Indiana Statutes, §58-114, says that there is an *implied* warranty and that the goods shall correspond with the description." (Our emphasis.)

We find nothing in the complaint concerning any breach by appellees of an express warranty nor does

any allegation appear relative to an implied warranty. No such issues appear to have been presented to the trial court. It matters not, however, whether it be considered that such issues were engaged upon or whether the complaint be construed as stating an action for breach of contract, as urged by appellants, the evidence was conflicting in all essential respects and was ample to justify the conclusion reached by the court.

More particularly, the evidence favorable to appellees does not establish that the conveyor chain was not 4500 feet in length nor does it establish an express or implied warranty by appellees that the chain was 4500 feet in length. The due proof of these matters was essential to a recovery by appellants upon any of the different theories adopted by them in their brief. Appellants make no contention that any of the essentials necessary for recovery were established or proved by uncontradicted evidence.

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." *Pokraka et al.* v. *Lummus Co., supra.* Upon the record before us, the evidence is not without conflict and we are not impelled by the evidence to one conclusion opposite to that reached by the trial court. Therefore, the decision of the trial court was not contrary to law.

The judgment appealed from is affirmed.

Bierly, Gonas and Pfaff, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 215.