MYERS, ADMINISTRATOR ETC. *v.* WYRICK.

[No. 19,655. Filed June 17, 1963.]

*Hutto & Regnier,* of Tipton and *Christian, Waltz, White & Klotz,* of Noblesville, for appellant.

*Bolton, Holmes & Watson,* of Tipton, for appellee.

CLEMENTS, J.—This is an appeal from a finding and judgment of the Tipton Circuit Court denying plaintiff-appellant relief in action for damages for wrongful death brought under the provisions of §2-404, Burns' 1962 Cum. Supp. Appellant is the personal representative of Edgar E. Myers, deceased, who died as a result of a collision between automobiles operated by defendant-appellee and appellant's decedent. Decedent leaving no widow or dependents, the complaint seeks the recovery of damages for funeral expenses, costs and attorney fees.

Appellant's sole assignment of error is the overruling of the motion for new trial, the first specification being that the decision of the trial court is not sustained by sufficient evidence, and the second specification being that the decision is contrary to law.

This being an appeal from a negative judgment, the first specification in the motion for new trial presents no question to this court. However, appellant may properly assert that the decision of the trial court denied him the relief to which he was entitled under the evidence and hence was contrary to law. *Hinds, Executor Etc.* v. *McNair, et al.* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 528, 529, 104 N. E. 2d 669; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905.

If the evidence shows conclusively that appellant was denied the relief to which he was entitled under the law, then the decision of the trial court will be set aside on the ground that it is contrary to law. *Lee, etc.* v. *Dickerson* (1961), 131 Ind. App. 422, 428, 171 N. E. 2d 698; *Kendall Lumber*

& Coal Co. v. Roman (1950), 120 Ind. App. 368, 372, 91 N. E. 2d 187 (Transfer denied).

> "It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." *Pokraka* v. *Lummus Co., supra* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669; *Hinds, Executor Etc.* v. *McNair et al., supra* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553; *Weinberg* v. *Richmond Industrial Center, Inc.* (1961), 132 Ind. App. 500, 503, 178 N. E. 2d 215.

To determine this question we may consider only the evidence most favorable to the appellee, together with all reasonable inferences which may be drawn therefrom. *Hinds, Executor Etc.* v. *McNair et al., supra,* at page 41 of 235 Ind; *Pokraka* v. *Lummus Co., supra,* at page 529 of 230 Ind.; *Weinberg* v. *Richmond Industrial Center, Inc., supra,* at page 502 of 132 Ind. App.

The fact that the evidence is for the most part uncontradicted does not, of itself, require the trial court to find for the appellant for "uncontradicted evidence will sometimes support conflicting inferences, and when this is the case, the inferences drawn by the trier of the facts will prevail." *A. S. C. Corporation* v. *First Nat. Bank, etc.* (1960), 241 Ind. 19, 25, 167 N. E. 2d 460; *Haynes* v. *Brown* (1950), 120 Ind. App. 184, 190, 88 N. E. 2d 795, (Transfer denied).

We cannot weigh the evidence to determine for whom it preponderates, unless it is all one way and but one conclusion could be reached from the facts proved and that conclusion is adverse to the decision of the trial court. *Wilson, Admx.* v.

*Rollings, supra* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905.

Appellant, in rhetorical paragraph 8 of his amended complaint, alleges as follows:

"8. That the sole, proximate cause of the collision above described and the resultant injury and death of Edgar E. Myers was the negligence of the defendant, . . . ."

The evidence showed that appellant's decedent and appellee collided in broad daylight at the center of an unmarked intersection where the view was unobstructed either to the right or to the left; that appellee's vehicle made skid marks of approximately 20 feet; and that no skid marks were found in decedent's lane of traffic. From the evidence of the facts and circumstances surrounding the collision and the reasonable inferences which may be drawn therefrom, the trial court could reasonably have found that appellant's decedent was guilty of negligent conduct which was a concurring or co-operating proximate cause of his death. The decision of the trial court is, therefore, not contrary to law, and the judgment must be affirmed.

Judgment affirmed.

Carson, P. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 107.