Frederick WILSON and Geraldine Wilson, Husband and Wife, Defendants/Counter-Claimants/Appellants,

v.

JENGA CORPORATION, Ronnie H. Jenkins, Individually, and Terrence A. Golden, Individually, Plaintiffs/Counter-Defendants/Appellees.

No. 3-1284A352.

Court of Appeals of Indiana, Third District.

March 24, 1986.

Bruce A. Lambka, Hamacher & Hamacher, Crown Point, for defendants/counter-claimants/appellants.

Alan E. O'Connor, Hobart, for plaintiffs/counter-defendants/appellees.

GARRARD, Judge.

Jenga Corporation (Jenga) brought this suit to foreclose a mechanic's lien it claimed on property owned by Frederick and Geraldine Wilson (Wilsons).

The facts most favorable to the decision of the trial court are:

The Wilsons owned a lot in Gary, Indiana. On July 14, 1980 they entered into a written contract with Jenga, under which Jenga was to build the Wilsons a house.

As a condition precedent, the Wilsons were required to obtain financing under certain terms within 45 days. On August 7, 1980, the parties entered into a written modification of their earlier contract. The amendment required Jenga to begin certain work on the house, even though the Wilsons had not obtained a mortgage. It expressly obligated the Wilsons to pay for the work done in the event that financing was not obtained. Some time later the Wilsons represented that they had access to about $10,-000. Jenga relied on these representations and agreed to do additional work beyond that required by the August 7 amendment. At some point, the Wilsons informed Jenga that their mortgage application had been denied, and that they had no other means to pay for the work that had been performed. Because of this, Jenga ceased work on October 1, 1980. Its notice of intent to hold a mechanic's lien was filed on November 19 and was thus timely filed.

After a trial on the merits Jenga's lien was recognized and the property was ordered sold to satisfy the judgment.

The Wilsons make several assignments of error. Only two are relevant to our disposition of their case.

   I.  Were the invoices relied on by the trial court hearsay?

   II.  Did the trial court err in awarding prejudgment interest?

We reverse.

### I.

#### Were the invoices relied on by the trial court hearsay?

■ A key element in a suit to foreclose a mechanic's lien is the reasonable value of the labor and materials provided. Reasonable value is not necessarily identical to cost. *Bangor Roofing v. Robbins* (1955), 151 Me. 145, 116 A.2d 664.

Jenga attempted to prove the quantity and value of the materials it provided by merely introducing the invoices it had received from its creditors. The witness who

was to lay the foundation for the evidence was one of its officers, Mr. Golden. The Wilsons made a timely hearsay objection, which the trial court overruled.

For its part, Jenga argues that due to their special reliability, invoices are generally admissible without being subjected to the rigors of the hearsay rule. The cases relied on do not establish a special hearsay exception. In *Straus v. Victor Talking Machine Co.* (2d Cir.1924), 297 Fed. 791, it was held that a party's own invoices could be admitted where a proper foundation was laid under a now obsolete hearsay exception.[1] It does not hold that invoices are generally admissible. In *Kendall Lumber and Coal Co. v. Roman* (1950), 120 Ind. App. 368, 91 N.E.2d 187, and *Gooch v. Hiatt* (1975), 166 Ind.App. 521, 337 N.E.2d 585, admissibility was not an issue.

■ As the rule is applied in this state, in order to establish the foundation necessary for the business records exception to the hearsay rule, the offering party must show:

1) That the record is the original or first permanent entry,

2) That it was made in the ordinary course of business,

3) That it was made at or near the time of the occurrence recorded,

4) By a person with personal knowledge of the matters recorded, and

5) A business duty to record them.

*Baker v. Wagers* (1984), Ind.App., 472 N.E.2d 218, 221.

■ While an early case in the field indicated that the witness laying the foundation needed to be either the person who made the record, or a record custodian, *American United Life Ins. Co. v. Peffley* (1973), 158 Ind.App. 29, 37, 301 N.E.2d 651, 656, more recent case law has made clear that this is not required, *Baker v. Wagers, supra,* at 221. However, as has been pointed out:

---

1. The offering party needed to prove that the people who prepared the invoices were not

available to testify, *see* McCormick, *Evidence* Section 311 (Cleary ed.1972).

"Problems may arise when one business organization seeks to introduce records in its possession but actually prepared by another. It seems evident that mere possession or 'custody' of records under these circumstances does not qualify employees of the possessing party to lay the requisite foundation...."

McCormick, *Evidence* Section 312 (Cleary ed.1984).

Under the analogous federal rule it has been held that when a business makes records that were prepared by another a part of its record keeping system, there are sufficient indicia of trustworthiness to justify admission. *United States v. Ullrich* (5th Cir.1978), 580 F.2d 765. Not all courts agree. *N.L.R.B. v. First Termite Control Co., Inc.* (9th Cir.1981), 646 F.2d 424.

In this state, it is plain that the witness through which a business record is to be admitted must have personal knowledge of the various elements of the foundation. *Baker v. Wagers* (1984), Ind.App., 472 N.E.2d 218, 221.

Mr. Jenkins demonstrated no knowledge of how the invoices were prepared. Nor did he testify that Jenga had paid these amounts and that they represented the reasonable value of services and materials used on the project. Thus, he did not lay the necessary foundation and the trial court was incorrect in overruling the Wilsons' objection. Since the trial court expressly relied on the invoices in determining the value of the materials used, prejudice is established.

## II.

### Did the trial court err in awarding prejudgment interest?

Prejudgment interest may be awarded by statute, IC 24–4.6–1–103, or under the common law. *See, e.g., Moridge Mfg. Co. v. Butler* (1983), Ind.App., 451 N.E.2d 677. Before it is awarded, the party seeking prejudgment interest must establish that the damages could have been established with mathematic certainty through the use of the accepted rules of evidence. *Nimet Industries, Inc. v. Joy Mfg. Co.* (1981), Ind.App., 419 N.E.2d 779. The record does not establish a ground for prejudgment interest under IC 24–4.6–1–103 nor a sum capable of ascertainment by fixed rules of evidence and known standards of value and thus does not support an award of interest. *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349; *Courtesy Enterprises, Inc. v. Richards Labs.* (1983), Ind.App., 457 N.E.2d 572.

For the foregoing reasons, the decision of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed.

STATON, P.J., and HOFFMAN, J., concur.