**Elmer LAYDEN and Delores Layden, Defendants–Appellants,**

**v.**

**NEW ERA CORPORATION, Plaintiff–Appellee.**

**No. 37A03–8812–CV–385.**

Court of Appeals of Indiana, Third District.

July 25, 1990.

Publication Granted Nov. 1, 1990.

Nathaniel Ruff, Lesniak & Ruff, East Chicago, for defendants-appellants.

Michael C. Adley, Abrahamson, Reed, Adley & Enslen, Hammond and Robert Nesbitt, Blaney, Nesbitt & Casey, Rensselaer, for plaintiff-appellee.

GARRARD, Judge.

The Laydens appeal a judgment in favor of New Era for $51,788.92 for work performed on Laydens' home.

New Era and the Laydens entered into a written contract on March 16, 1981 for electrical work to be performed on a residence being constructed for the Laydens in Rolling Prairie, Indiana. Negotiations between New Era and the Laydens had resulted in New Era reducing its original bid from $20,000 to the $14,125 contract price. New Era immediately began work at the Layden farm.

Early on in the course of the project the Laydens fired the architect and the general contractor. The Laydens apparently chose to personally supervise the construction. Thereafter the Laydens greatly expanded New Era's involvement in the project. The original contract with New Era was for the wiring of the main house and driveway lights. However, New Era also ended up working on the wiring and rewiring of an

addition to the main house, an attached greenhouse, a guesthouse, pool, tennis courts, heliport and hangar, stable, barn, kennel, pond aerators, and (designing and installing) fire alarm, security, CB radio, PA, closed circuit TV and sound systems. Furthermore, New Era was, among other things, at Laydens' direction involved with telephone installation, masonry work, appliance repair, electric fence building, landscaping, backhoeing, ditch digging and backfilling by hand, and running errands. During the course of the project New Era periodically billed Laydens to a total of $175,942.82 and Laydens made payments totalling $117,263.90. Laydens refused to pay the balance and New Era brought suit. The trial court credited New Era's evidence that the balance was $58,678.92, found that Laydens were entitled to set off against that sum, $6,900 for the cost of replacing some cable, and entered judgment accordingly.

■ At the outset we note that although the court entered special findings with its judgment, the record fails to disclose any written request for findings was filed by either party prior to the admission of evidence as required by Indiana Rules of Procedure, Trial Rule 52(A). Accordingly, since the court was not otherwise required by TR 52 to make special findings, we treat the judgment as entered on a general finding. Thus, our standard of review requires affirmance if the judgment is sustainable on any legal theory so long as that theory does not necessitate the contradiction of any of the particular findings made by the trial court. *Hunter v. Milhous* (1973), 159 Ind.App. 105, 305 N.E.2d 448.

The trial court found[1] that the parties had abandoned the original contract and had agreed that New Era would perform the work on a cost-plus basis. It determined that the written contract provided the manner for calculating the cost of the work as:

(A) The cost of materials plus 10%;

(B) Equipment rental charges (either hourly or daily rate) on items valued in excess of $500;

(C) Direct cost of all labor plus 13.5% (fringes) and 36.6% overhead profit (taxes, insurance, small tools and consumable supplies) with an additional 1.35% to be charged on the total labor cost thus computed for Indiana gross tax; and

(D) 4% sales and use tax on items (A) and (B).

It buttressed this finding with other findings: The work required under the original contract could not be separated from additional work because of all the changes ordered and delays and work stoppages encountered by New Era. In other words, there were so many changes in the original work or expenses not attributable to New Era that the court could not simply enforce the original contract and separately determine the value of other requested work. *Quantum meruit* was not a reasonable measure of value because of the extent to which, at Laydens' request, New Era's electricians were employed on the job to do common labor and run errands. Additionally, the court found that there was no evidence of poor workmanship, poor materials or lack of supervision provided by New Era. Instead, the problem was a total lack of coordination and direction for the entire project, which was not the responsibility of New Era. The court's basic finding was supported *inter alia* by the evidence that during the project and over more than a year, New Era billed Laydens on the contract basis and they paid the bills without dissent.

The court then found that the total hours billed were 4835 and this was reasonable, and that the out-of-pocket expenses for labor and materials in New Era's claim represented $35,444.97. Then applying the cost plus formula from the contract, the court arrived at the judgment.

■ The Laydens contend the court erred by not applying the base labor rates

---

1. The court's findings are unnumbered. They appear at pages 167 through 176 of the record. They include a substantial itemization of both

work that was redone and additional work required by Laydens under the original project.

for electricians working out of the local union that covered LaPorte County; that it erred by not applying the $14,125 limit of the original contract for the work required under it; and that the court erred by not determining damages on the basis of *quantum meruit.*

We are, of course, aware of the several decisions which consider how additional work or changed work may be evaluated for construction projects where the original agreement fails to provide the answer. *See, e.g., Rudd v. Anderson* (1972), 153 Ind.App. 11, 285 N.E.2d 836. We are also mindful of the admonition of our supreme court that "the general rule is to trace the contract into the extra work, so far as it can be said to furnish a conventional ad-measurement of the value which the parties themselves have placed upon the work." *Cleveland, C.C. & St.L.R. Co. v. Moore* (1907), 170 Ind. 328, 352, 82 N.E. 52, 60, 84 N.E. 540.

In the present case the court found that the parties had elected to apply the cost-plus formula of the written contract to the work performed by New Era. The evidence favoring the decision supports that determination. Thus, Laydens' arguments to apply the original contract maximum, to apply *quantum meruit,* and to apply local wage scales rather than the pay scale used by New Era to pay its employees, all essentially seek to have us reweigh the evidence in order to reach a different conclusion than that reached by the trial court. That we are precluded from doing. *Rudd, supra.*

Laydens next claim the court based its judgment on inadmissible hearsay because it allowed the introduction into evidence of the bills for materials from New Era's suppliers.

■ We agree with Laydens that under the rule of *Wilson v. Jenga Corp.* (1986), Ind.App., 490 N.E.2d 375 suppliers' invoices standing alone may be insufficient to establish the reasonable value for purposes of *quantum meruit* of the materials invoiced. Moreover, as the *Wilson* court determined, for such invoices to be admissible over hearsay objection, a proper foundation for their admission must be laid.

■ The rule, however, has no application to the present case. Here the contract price is determined by the *cost* of the materials rather than their "reasonable value." The witness not only identified the invoices, he affirmed that they had indeed been paid by New Era. Thus, the evidence was both relevant and admissible. No error was committed.

Finally, the Laydens contend the court erred by awarding prejudgment interest. Again we must disagree.

■ The trial court found a cost plus contract and New Era had invoiced Laydens throughout the project.[2] Thus, New Era's damages were readily ascertainable through application of the cost plus formula to the expenditures for labor and materials. Such ready ascertainability is the prerequisite for an award of prejudgment interest. *See Indiana Industries, Inc. v. Wedge Products* (1982), Ind.App., 430 N.E.2d 419. The theory supporting such awards is that they represent damages for the lost use of money as measured by the interest rate. *Indiana Ins. Co. v. Sentry Ins. Co.* (1982), Ind.App., 437 N.E.2d 1381.

■ As to the $6900 set-off found due the Laydens, the Indiana rule applies the interest-on-the-balance approach. *Koppers Co., Inc. v. Inland Steel Co.* (1986), Ind. App., 498 N.E.2d 1247, 1256. Thus, the court correctly limited prejudgment interest to the net sum found due New Era. There was no error.

Affirmed.

HOFFMAN, P.J., and STATON, J., concur.

---

**2.** Although the parties have not briefed the question, we note the potential application of IC 24–4.6–1–103 allowing prejudgment interest for an account closed. *See Urbanational Developers, Inc. v. Shamrock Engineering, Inc.* (1978), 175 Ind.App. 416, 372 N.E.2d 742.