**KORELLIS ROOFING, INC.,**
Appellant–Plaintiff,

v.

**Matt STOLMAN, Appellee–Defendant.**

No. 45A05–9403–CV–89.

Court of Appeals of Indiana,
Fifth District.

Jan. 10, 1995.

David K. Ranich, Kathryn D. Schmidt, Burke Murphy Costanza & Cuppy, East Chicago, for appellant.

Saul I. Ruman, David M. Hamacher, Ruman Clements Tobin & Holub, Hammond, James J. Stankewicz, J.J. Stankewicz & Assoc., Merrillville, for appellee.

## OPINION

SHARPNACK, Chief Judge.

Korellis Roofing, Inc. ("Korellis") appeals the trial court's judgment in its action to foreclose a mechanic's lien on property owned by Matt Stolman. We affirm in part and remand in part.

Korellis raises two issues for our review, which we restate as (1) whether the trial court abused its discretion in setting the mechanic's lien award lower than the amount requested by Korellis, and (2) whether the trial court abused its discretion in awarding Korellis $500.00 in attorney's fees.

On February 20, 1992, Korellis entered into a contract with Stolman to replace the roof on Stolman's residence in Whiting, Indiana, for an agreed price of $7,280.00. Work commenced on May 11, 1992. On May 12, 1992, the site was inspected by the Whiting building inspector, who stopped the work temporarily because he was concerned that the underlayment was not thick enough. After determining that the thickness was the minimum acceptable under the building code, the inspector permitted Korellis to continue the roofing job, which was completed on May 16, 1992. Stolman was dissatisfied with Korellis' work, and he subsequently inspected and documented on videotape the alleged defects in the roof.

On May 26, 1992, Stolman received Korellis' invoice in the amount of $7,280.00. Stolman contacted Korellis about his complaints and subsequently a meeting was held at Stolman's home with Peter Korellis, the Whiting building inspector, and the Whiting fire chief. The meeting did not result in a resolution of the dispute.

On June 4, 1992, Korellis mailed to Stolman a notice of intent to hold a mechanic's lien, and on July 1, 1992, Korellis filed its notice of mechanic's lien. On August 17, 1992, Korellis filed its complaint to foreclose. On October 28, 1992, Stolman filed his answer and countercomplaint. A bench trial was held on October 13 and 14, 1993. On November 16, 1993, the court rendered its decision that Korellis should recover $5,000.00 for services and materials provided to Stolman, that its mechanic's lien should be foreclosed, and that Korellis should recover $500.00 in attorney's fees. The court found against Stolman in his counterclaim.

Where findings have not been entered by the trial court, as in the present case, we will not reverse the trial court's determination on the evidence unless there is a total lack of supporting evidence or the evidence is undisputed and leads solely to a contrary conclusion. *Lowry v. Lowry* (1992), Ind.App., 590 N.E.2d 612. We neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* We may consider only the evidence within the record supporting the judgment along with the reasonable inferences to be drawn therefrom. *Id.*

I

■ Korellis first argues that the trial court abused its discretion in setting the mechanic's lien award lower than Korellis had requested. Specifically, Korellis contends that the court should have awarded $7,280.00, the full amount due under its contract with Stolman, plus additional damages of $749.00 in prejudgment interest.

■ Indiana law is presently in conflict on the point of law raised in this issue. Korellis cites *Walker v. Statzer* (1972), 152 Ind.App. 544, 284 N.E.2d 127, for the proposition that the amount of the lien is measured and limited by the agreed price. Stolman cites *Clark's Pork Farms v. Sand Livestock Systems* (1990), Ind.App., 563 N.E.2d 1292, for the proposition that defects in workmanship constitute a defense to a mechanic's lien and diminish the amount due on the contract. Both assertions of law are correct.

■ Indiana courts have considered three circumstances in which the amount of a mechanic's lien has been at issue. The first circumstance is where no contract exists between the lien claimant and the property owner. In such a case, damages are based upon the reasonable value of the labor and materials provided. *See Wilson v. Jenga Corp.* (1986), Ind.App., 490 N.E.2d 375, 376. Reasonable value is not necessarily identical to cost. *Id.* Damages are intended to compensate a contractor "to the extent of the value of any labor done, material furnished, or either, including any use of such leased equipment and tools, and all claims for wages of mechanics and laborers." Indiana Code § 32-8-3-1.

■ The second circumstance is where a subcontractor of a general contractor seeks a lien on property where he has furnished labor and materials. In such a case, a contract exists between the contractor and subcontractor, but not between the subcontractor and the property owner, and our courts have held that while the contract price may be prima facie evidence of reasonable value, the lien is for the reasonable value of the work and material and not for their price as fixed by contract. *Kendall Lumber & Coal Co. v.*

*Roman* (1950), 120 Ind.App. 368, 91 N.E.2d 187, 191.

■ The third circumstance is where a contract exists between the contractor and the property holder. This is the present case. As noted above, Korellis cites *Walker, supra,* for the holding that "where the principal contractor has furnished labor and materials for a price agreed upon by him and the owner of the property, the amount of the lien is measured and limited by the agreed price." *Walker,* 284 N.E.2d at 132. In other words, where there exists a fixed price due under a contract between the lien claimant and the property owner, the amount of the lien is the contract price. *See* 56 C.J.S. *Mechanics' Liens* § 198 ("[G]enerally, unless deductions are to be made by reason of payments made or lack of complete performance, the amount of the lien of a claimant who has furnished labor or materials for an agreed price under a contract made by him directly with the owner is measured and limited by the price fixed in the contract.")

Stolman, in turn, cites *Clark's Pork, supra,* for the contrary holding that evidence of defects in workmanship constitutes a defense to the mechanic's lien and diminishes the amount due on the contract. *Clark's Pork,* 563 N.E.2d 1292. In that case, a contract existed between Sand, the contractor, and Clark, the property owner, for the construction of several farm buildings at a price of $364,029.00. *Id.* at 1294–95. After the construction was complete, Clark discovered that the buildings were defective, and he withheld the last payment due on the contract, approximately $80,000.00. *Id.* Sand filed suit, seeking contract damages, foreclosure of a mechanic's lien, and damages under quantum meruit. *Id.* Clark filed a counterclaim alleging breach of contract. *Id.* After a trial, the court awarded Sand its contract balance of $80,568.00, attorney's fees of $84,204.50, and prejudgment interest of $10,636.00. *Id.* The trial court also awarded Clark $251,082.00 on his counterclaim. *Id.* On appeal, the court stated as follows:

"Pursuant to its complaint Sand, among other things, had to prove Gene [Clark] contracted with it for improvements to the real estate and Gene owed money on the

contract. Gene, in defending against Sand's claim, could and did assert 'defects' in the improvements that were the subject of the contract.... These defects necessarily constitute a defense to Sand's complaint because they diminish the amount due under the contract up to the amount of the claimed lien; damages in excess of that amount are recoverable only pursuant to Gene's counterclaim. In other words, to the extent Gene is damaged by Sand's breach, ... there is only the question of what amount, if any, Gene owes Sand, on the contract. In turn, the answer to this question determines whether or not Sand is entitled to foreclosure of its lien because Sand's mechanic lien attaches to the Clark's [sic] real estate only to the extent Gene owes Sand on the contract.

... The proper judgment would have awarded Sand $0 on its complaint and awarded Gene the difference between $251,082.00 and $80,568.00, or $170,514.00, on the counterclaim.... Of course, if Sand's judgment is $0, then it is not entitled to foreclose its mechanic's lien. Therefore, we also order the judgment of foreclosure vacated."

*Id.* at 1298–99. Similarly, in *G. Cowser Const. Inc. v. Nicksic* (1993), Ind.App., 622 N.E.2d 1007, the court affirmed a judgment where an award for a counterclaim alleging defective workmanship was considered a setoff against a mechanic's lien.

In the present case, there existed a written contract between the parties containing a fixed price of $7,280.00 for the work to be performed by Korellis. Stolman argues that the trial court's award of $5,000.00 reflects the trial court's consideration of evidence of shoddy workmanship and damages to Stolman's property caused by Korellis. Stolman contends, in essence, that the trial court already had calculated a setoff from the amount of the lien based upon the evidence of defects. As there are no findings, however, we cannot know if the trial court had this in mind.

We note that the trial court held that Stolman "should take nothing by way of his counter-claim," which alleged breach of contract, fraud, and violation of Indiana's Deceptive Consumer Sales Act, among other causes of action. Evidence was introduced at trial to show that the new roof leaked within a year, that the gutters and a ceiling fan were damaged, that the materials used by Korellis were of inferior quality, that the roof line was lowered, impeding drainage, and that several vents were covered over, leaving sections of the roof unsupported.

In *Clark's Pork*, the court held that the trial court's proper judgment would have been to award Sand nothing on its mechanic's lien, to deny Sand's foreclosure action, regardless of Clark's failure to pay the contract price, and to calculate Clark's award by determining the difference between the damages due Clark on his counterclaim and the amount recoverable by Sand on his mechanic's lien. It is possible that the trial court in the present case followed such a scheme, awarding Stolman nothing on his counterclaim and calculating Korellis' award by determining the difference between the amount recoverable by Korellis on his mechanic's lien and the damages theoretically due Stolman on his counterclaim.

As stated above, we will not reverse the trial court's determination on the evidence unless there is a total lack of supporting evidence or the evidence is undisputed and leads solely to a contrary conclusion. If it were true that as a matter of law Korellis were entitled to the contract price, reversal of the trial court's judgment would be mandated. The trial court's judgment is consistent with the holding of *Clark's Pork*, however, and thus we cannot say that the trial court's judgment is contrary to law. Moreover, we believe that adherence to a rigid rule that a lien claimant is entitled automatically to an award in the amount of the contract price would be unfair to property owners who have received substandard performance of the contract or have been otherwise damaged by the lien claimant's actions. It seems to us that there is little reason for distinguishing between cases where the price is contractually specified and cases where it is not, other than the fact that the contract price is evidence of an agreed-to value for the labor and materials as promised by the lien claimant. When the quality of such la-

bor and materials falls below the property owner's expectations, falls below industry standards, or causes damage to the property, evidence of such, whether or not presented to the court in support of a counterclaim, should be considered in a determination of the amount of a mechanic's lien.

Accordingly, we conclude that the trial court did not abuse its discretion in setting the mechanic's lien award lower than the amount of the contract between Stolman and Korellis.

■■■ Korellis argues additionally that the trial court erred in failing to award prejudgment interest. At trial, Peter Korellis had testified that interest of $749.00 had accrued from July 1, 1992, through the date of the trial and was owed in addition to the contract price of $7,280.00.

Korellis cites *Fort Wayne Nat. Bank v. Scher* (1981), Ind.App., 419 N.E.2d 1308, for the proposition that an award of interest is intended to compensate solely for a deprivation in the use of money. *Id.* at 1310–11. "Interest is recoverable not as *interest* but as additional damages to accomplish full compensation." *Id.* As noted in *Clark's Pork, supra:*

" 'Prejudgment interest is allowed to compensate for loss of the use of money where a simple mathematical computation can operate on an amount for which the defendant is found to be liable.' *Indiana Department of Public Welfare v. Chair Lance Service, Inc.* (1988), Ind., 523 N.E.2d 1373, 1379. The standard for awarding prejudgment interest is whether the principal amount is ascertainable by mere computation. *Courtesy Enterprises, Inc. v. Richards Laboratories* (1983), Ind.App., 457 N.E.2d 572."

*Clark's Pork,* 563 N.E.2d at 1301.

In the present case, the principal amount of the mechanic's lien awarded to Korellis was ascertainable, as discussed above, by deducting the amount of the setoff accorded to Stolman on the basis of defects in Korellis' workmanship and materials. As such, Korellis should have been compensated for the loss of the use of the $5,000.00 it was awarded. Accordingly, we remand this matter to the

trial court for a determination and award of prejudgment interest to Korellis.

## II

■■■ Korellis argues next that the trial court abused its discretion in awarding Korellis only $500.00 in attorneys fees. Korellis contends that the award of attorney fees should have been closer to the amount of actual charges, which were in excess of $6,000.00.

As stated by the court in *Clark's Pork, supra,*

"[w]hat constitutes a reasonable attorney's fee in an action to enforce a mechanic's lien is a question of fact, the computation of which may depend on a variety of factors, including the time and effort required, the value of the interest involved, the experience, reputation, and ability of the attorneys performing the services, and the results secured at trial. . . .

As a general rule, the trial court is given discretion in determining what constitutes a reasonable attorney's fee. *See Canaday v. Canaday* (1984), Ind.App., 467 N.E.2d 783. However, we believe

[t]he award of an attorney's fee, like the award of other costs of litigation, is not the same question as the determination of reasonableness of a fee as between the attorney and his client, or the actual expenses to be reimbursed the attorney by his client regardless of whether awarded under the cost bill.

*Ulibarri v. Gee* (1987), 106 N.M. 637, 639, 748 P.2d 10, 12. 'The fee which an attorney expects from a client is the subject of a separate agreement between the attorney and client and is not directly dependent on whether the court awards fees or the amount of the fees awarded.' The award of attorney's fees in an action to foreclose a mechanic's lien is not an attempt to compensate the attorneys for all the legal services performed in connection with the lien. Rather the amount of the award is intended to reflect the amount the lienholder reasonably had to expend to foreclose the lien. *See Smith v. Kendall* (1985), Ind.App., 477 N.E.2d 953 (discuss-

ing attorney's fee award in action to collect on promissory note). Such awards 'should be made with caution so that property owners are not discouraged from challenging defective workmanship on the part of lien holders by excessive awards of attorney's fees.' *Asp v. O'Brien* (1979), Minn., 277 N.W.2d 382, 385. The amount awarded as attorney's fees should therefore be reasonable in relation to the amount of the judgment secured. *Bloomington Electric Company v. Freeman's Inc.* (1986), Minn. [App.], 394 N.W.2d 605."

*Clark's Pork,* 563 N.E.2d at 1300–01; *see also G. Cowser Construction,* 622 N.E.2d at 1012–13.

In the present case, the court heard testimony that Korellis' attorney's fees were billed at $110.00 to $120.00 per hour and that total attorney charges exceeded $6,000.00. In addition, Korellis' attorney's bills were entered into evidence, as were the bills of Stolman's attorney. Upon an examination of this evidence and the evidence as a whole, we conclude that the court did not abuse its discretion in limiting the award of attorney's fees to Korellis to $500.00. The court was entitled to balance all circumstances before it, including the relative merits of the parties' positions. Our standard permits us to reverse the trial court only if there is a total lack of supporting evidence or the evidence is undisputed and leads solely to a contrary conclusion. In the present case, we cannot say that the award of attorney's fees to Korellis was inadequate under this standard.

Accordingly, the judgment of the trial court is affirmed as to the amount of the mechanic's lien and the award of attorney's fees and remanded for a determination of prejudgment interest to be awarded to Korellis.

AFFIRMED AND REMANDED.

HOFFMAN, J., concurs.

RUCKER, J., concurs in result.