**WEST CENTRAL CONSERVANCY DISTRICT, Appellant–Plaintiff,**

v.

**Dennis J. BURDETT, Appellee–Defendant.**

No. 32A01–0909–CV–434.

Court of Appeals of Indiana.

Jan. 26, 2010.

Alan M. Hux, Geoffrey Slaughter, Peter J. Prettyman, Taft Stettinius & Hollister LLP, Indianapolis, IN, Attorneys for Appellant.

## OPINION

BROWN, Judge.

West Central Conservancy District ("West Central") appeals the trial court's order denying in part its request for attorney fees and for the cost of a land survey. West Central raises one issue, which we revise and restate as whether the trial court erred in limiting its award of attorney fees to West Central under Indiana Code § 36–9–23–31 to $500.00. We affirm.

The relevant facts follow. West Central provided sewer service to real property located at 7530 E. 100 N, Avon, Indiana. Dennis Burdett owned the property and paid for "the sewer hook up." Appellant's Appendix at 18. On September 25, 2007, West Central filed an action against Burdett in the Hendricks County small claims court to collect unpaid sewer charges totaling $1,124.53 which related to sewer services provided to the property from September 2006 to September 2007.

On October 18, 2007, Burdett, *pro se*, filed a demand for a jury trial and a counterclaim. Burdett's counterclaim alleged that "the sewer lines was [sic] on the wrong part of [the] property so the sewer co. said [Burdett] would not have to pay the monthly bill," and Burdett requested "judgment against the plaintiff for all debt or move the sewer line off [his] land." *Id.* at 18.[1] On November 9, 2007, the case was transferred to the Hendricks Superior Court for a jury trial. The trial court held a pretrial conference on September 15, 2008. A survey performed of Burdett's property as a part of discovery indicated that no part of the sewer "lies outside of" the "boundaries of a sanitary sewer and utility easement" over the property. *Id.* at 39–40. In December 2008, Burdett filed a motion for counsel, which the trial court denied after a hearing. The trial court held another pretrial conference on January 6, 2009.

---

1. The trial court entered a CCS entry on October 23, 2007 stating that Burdett's counterclaim would be considered an answer.

On June 2, 2009, West Central filed a motion for summary judgment against Burdett requesting that the trial court find: (1) that Burdett was "indebted to West Central in the amount of $1,749, plus attorney fees of $8,539.70, and costs of $2,900 (plus court costs);" and (2) that "the sewer line was installed within the easement on [Burdett's] real estate." *Id.* at 22. West Central also filed a separate designation of evidence and memorandum of law in support of its summary judgment motion. The trial court held a hearing on July 29, 2009, at which Burdett argued: "I don't know what to say as just to say that they should have put it on the right part of the property in the first place." Transcript at 24. Burdett also argued that "[i]f [West Central] want[s] to take the sewer off my property, I'd be more than happy for them to do it. They've got over, I'd say, a third of my yard in sewer." *Id.* at 25.

The trial court granted summary judgment in favor of West Central "for its claim in the amount of $1,749.00, plus attorney fees of $500.00, plus costs, and post-judgment interest. . . ." Appellant's Appendix at 9. The court found "as a matter of law that the sewer lies within the easement of a sanitary sewer and utility easement." *Id.* at 10. The court denied West Central's "request for attorney fees to defend against Mr. Burdett's counterclaim and for costs of the survey" and stated that "I.C. 36–9–23–31 only permits attorney fees for the collection of unpaid sewer

fees." *Id.* West Central filed a motion to correct error, which the trial court denied.[2]

Before addressing West Central's arguments, we note that Burdett did not file an appellee brief. When an appellee fails to submit a brief, we do not undertake the burden of developing the appellee's arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes prima facie error. *Zoller v. Zoller,* 858 N.E.2d 124, 126 (Ind.Ct.App.2006). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. *Wright v. Wright,* 782 N.E.2d 363, 366 (Ind.Ct.App.2002). However, we review de novo questions of law, regardless of the appellee's failure to submit a brief. *McClure v. Cooper,* 893 N.E.2d 337, 339 (Ind.Ct.App.2008).

The sole issue is whether the trial court erred in limiting its award of attorney fees to West Central under Indiana Code § 36–9–23–31 to $500.00. Ind.Code § 36–9–23–31 provides:

> If fees assessed against real property under this chapter . . . are not paid within the time fixed by the municipal legislative body, they are delinquent. A penalty of ten percent (10%) of the amount of the fees attaches to the delinquent fees. The amount of the fee, the penalty, and a reasonable attorney's fee may be recovered by the board in a civil action in the name of the municipality.[3]

2. According to its motion, West Central had incurred attorney fees totaling $12,632.20 as of the filing of its motion to correct error. In its brief, West Central states that it "has continued to incur attorneys' fees in this appeal." Appellant's Brief at 5.

3. Ind.Code § 36–9–23 applies to all municipal sewage works. *See* I.C. § 36–9–23–1. Presumably, Ind.Code § 36–9–23 is applicable in

this case because West Central cites to Ind. Code § 36–9–23–31 as the basis upon which it is entitled to recover delinquent fees. Burdett does not challenge that the provisions of Ind. Code § 36–9–23 are applicable in this case.

In addition, Ind.Code § 36–9–23–32(a) provides that fees assessed against real property constitute a lien against the property assessed, and Ind.Code § 36–9–23–34 provides

West Central argues that the trial court erred in awarding it only $500.00 in attorney fees. Initially, we note that the trial court is given discretion in determining what constitutes a reasonable attorney fee and that such a determination is generally a question of fact. *See Korellis Roofing, Inc. v. Stolman,* 645 N.E.2d 29, 34 (Ind.Ct.App.1995). This is also true where attorney fees are awarded pursuant to statutory authority. *See Johnson v. Blankenship,* 679 N.E.2d 505, 509 (Ind.Ct. App.1997) (noting that the determination of reasonable attorney fees in an action to enforce a mechanic's lien as authorized by statute is generally a question of fact), *summarily aff'd.* When awarding attorney's fees, the trial court is empowered to exercise its sound discretion, and any successful challenge to its determination must demonstrate an abuse thereof. *Crum v. AVCO Financial Services of Indianapolis, Inc.,* 552 N.E.2d 823, 831–832 (Ind.Ct.App. 1990). An abuse of discretion occurs only when the result is clearly against the logic and effect of the facts and circumstances before the court. *Id.* at 832. The fact that the same circumstances might justify a different outcome does not permit the substitution of this court's judgment for that of the trial court. *Id.*

West Central argues that the trial court's award should have included the amount of the attorney fees it actually incurred of $12,632.20 and the amount of the cost of the land survey of $2,900.00. West Central argues that "[t]he trial court erred by treating Burdett's defense as a 'counterclaim' and limiting West Central's fee award on that erroneous basis." Appellant's Brief at 7. West Central argues that "Burdett is not asserting a separate claim for damages against West Central; he is explaining why he should not be required to pay the outstanding sewer bills West Central was seeking to collect from

for the recovery of reasonable attorney fees to

him." *Id.* at 8. West Central also argues that "even assuming (contrary to law and fact) that his defense should have been treated as a counterclaim, the trial court erred by failing to award West Central its reasonable fees and costs incurred in response to the counterclaim." *Id.* at 9.

In its brief, West Central argues that "no authority prevents a lienholder from recovering the reasonable attorneys' fees incurred to defeat a counterclaim asserted in response to a collection action under Indiana Code § 36–9–23–31." *Id.* at 10. In support of its argument, West Central cites to *Abbey Villas Dev. Corp. v. Site Contractors,* which addressed the issue of attorney fees in a mechanic's lien foreclosure action. 716 N.E.2d 91, 102–103 (Ind. Ct.App.1999), *reh'g denied, trans. denied.* In *Abbey Villas,* the court observed that the appellee's defense against the appellant's counterclaims "was part and parcel of, and necessary to, the enforcement of its mechanic's lien," and the court held that, considering the evidence as a whole, the trial court did not err in awarding the attorney fees the appellee had incurred defending against the appellant's counterclaims. *Id.* at 103.

Indeed, we have also observed that there are decisions of this court, where attorney fees were awarded under contract provisions, holding that the trial court did not abuse its discretion by allowing for the recovery of attorney fees incurred in defending against claims, counterclaims or cross-claims in addition to those actually involved in the collection actions. *See Crum,* 552 N.E.2d at 831 (citing *Mantooth v. Federal Land Bank,* 528 N.E.2d 1132 (Ind.Ct.App.1988) (affirming the trial court's award of attorney fees pursuant to provisions contained in loan documents), *reh'g denied, trans. denied; Motor Dispatch, Inc. v. Buggie,* 177 Ind.App. 347, 379 N.E.2d 543 (1978) (affirming trial

foreclose such a lien.

court's award of attorney fees under a provision contained in a promissory note)). However, we also observed in *Crum* that no decision has held that "the failure to award fees beyond those actually involved in obtaining a judgment on the note and mortgage necessarily constitutes an abuse of discretion." *See id.* Similarly, although this court found in *Abbey Villas* that the trial court did not abuse its discretion in awarding attorney fees incurred in defending against counterclaims under the circumstances in that case, our research has not revealed and West Central does not point to any authority for the proposition that the trial court's decision not to award attorney fees beyond those involved in an action to recover delinquent sewer fees necessarily constitutes an abuse of discretion.

With respect to West Central's action against Burdett for unpaid sewer fees, Ind. Code § 36–9–23–25(c) provides that fees are payable by the owner of any parcel of real property that is connected with sewage works or uses or is served by the works.[4] In his counterclaim filing, Burdett stated that he paid "[t]he sewer hookup." Appellant's Appendix at 18. The record shows that Burdett testified at the December 17, 2008 hearing that he "had to pay the initial hook up." *See* Transcript at 9. Thus, it appears that fees under Ind.Code § 36–9–23–25 were payable by Burdett and that West Central was entitled to collect those fees under Ind.Code § 36–9–23–31.

With respect to Burdett's counterclaim against West Central, we observe that

Burdett, as the owner of the real property burdened by the utility easement, could maintain a quiet title action to determine whether title to his parcel is subject to the claimed easement, and a trespass or possibly an inverse condemnation action to recover damages for improper use of the property, supporting the conclusion that Burdett's counterclaim was sufficiently distinct from West Central's claim for delinquent sewer fees. *See Tazian v. Cline,* 686 N.E.2d 95 (Ind.1997) (quiet title action regarding a disputed strip of land); *Calumet Nat. Bank as Trustee Under Trust No. P–3362, Dated Sept. 1, 1986 v. American Tel. & Tel. Co.,* 682 N.E.2d 785 (Ind. 1997) (trespass action regarding disputed easement area); *Industrial Disposal Corp. of America v. City of East Chicago, Dep't of Water Works,* 407 N.E.2d 1203 (Ind.Ct. App.1980) (inverse condemnation action regarding utility line).

Further, we observe that West Central did not present evidence to the trial court and does not point to authority for the proposition that it was not able to collect its unpaid sewer fees from Burdett unless the issue raised in Burdett's counterclaim—that the sewer lines were not located within the sanitary sewer and utility easement area—was completely resolved.

We conclude that the issues involved in West Central's action to obtain a judgment against Burdett for unpaid sewer fees and those involved in Burdett's action against West Central regarding the location of its utility lines were sufficiently distinct for the trial court to exercise its

---

4. Ind.Code § 36–9–23–25(c) provides:

The fees are payable by the owner of each lot, parcel of real property, or building that:

(1) is connected with the sewage works by or through any part of the municipal sewer system; or

(2) uses or is served by the works.

Unless the municipal legislative body finds otherwise, the works are considered to benefit every lot, parcel of real property, or building connected or to be connected with the municipal sewer system as a result of construction work under the contract, and the fees shall be billed and collected accordingly.

Ind.Code § 36–9–23–25(c) (Supp.2008) (subsequently amended by Pub.L. No. 114–2008 § 29 (eff. March 24, 2008)).

discretion to award only those attorney fees incurred in connection with West Central's action for the delinquent fees. *See Crum,* 552 N.E.2d at 831 (observing that the issues involved in the appellee's counterclaim against the appellant and those involved in the appellant's action to obtain a judgment on a note and mortgage were sufficiently distinct to enable the court to resolve the collection matter independently).[5]

For the foregoing reasons, we affirm the trial court's order awarding attorney fees in the amount of $500.00 to West Central and denying the attorney fees and the cost of the land survey in excess of that amount.

Affirmed.

MATHIAS, J., and BARNES, J., concur.

---

5. At the July 29, 2009 hearing, West Central's attorney argued that "[b]ut for Mr. Burdett's counter-claim, which has no basis, Mr. Burdett's attorney's fees in the collection matter in the Small Claims case would have been Five Hundred Dollars ($500.00), which is the District's standard procedure." Transcript at 22. After taking the matter under advisement, the trial court awarded attorney fees of $500 to West Central. West Central does not challenge and we do not address the reasonableness of the trial court's award of $500 to West Central in connection with its action to recover delinquent sewer fees from Burdett.

West Central argues that "both the trial court and Burdett recognized that his 'counterclaim' was really an answer or defense." Appellant's Brief at 8. As previously mentioned, the trial court's CCS entry dated October 23, 2007, states that Burdett's counterclaim would be considered an "answer." Appellant's Appendix at 20. Also, the following exchange occurred between the trial court and Burdett at a pretrial conference on September 15, 2008:

Judge: Okay. Mr. Burdett, as I understand your Counter–Claim, this is your defense to payment, right?
Burdett: Right.
Judge: So you're not asking them to pay you money, you're saying this is why I haven't paid.
Burdett: Right.
Transcript at 5.

However, we observe that the trial court was not obligated, based upon its CCS entry or Burdett's responses to its questions at the pretrial conference, to ultimately conclude that Burdett's claim was "part and parcel" of West Central's claim, or that the issues involved in Burdett's claim were not sufficiently distinct from those involved in West Central's claim, for the purpose of awarding attorney fees to West Central in connection with its defense of Burdett's claim. *See Stephens v. Irvin,* 734 N.E.2d 1133, 1134 (Ind.Ct.App. 2000) (observing that a trial court has the inherent power to reconsider any of its previous rulings so long as the action remains *in fieri* ), *trans. denied.*